## DAVIS v. MRS. BAIRD'S BAKERY.

### No. 12344.

Court of Civil Appeals of Texas. Fort Worth.
June 7, 1930.

Taylor, Muse & Taylor, of Wichita Falls, and Burch & Woodruff, of Decatur, for appellant.

Bryan, Stone, Wade & Agerton, of Fort Worth, and C. T. Gettys, of Decatur, for appellee.

DUNKLIN, J.

N. G. Davis instituted this suit against Mrs. Baird's Bakery, a private corporation, to recover damages alleged to have resulted from a collision between an automobile owned by him and a truck belonging to the defendant. According to allegations in plaintiff's petition, the collision occurred on a one-way bridge on a public highway in Montague county. As the proximate result of the negligence of the driver of the truck, it was alleged that the automobile was badly wrecked, and by reason thereof its market value was depreciated in the sum of $350; in other words, that after the machine was repaired it was worth $350 less than it was before the collision occurred. Plaintiff sought to recover that sum as the measure of his damages to the automobile, and also for $16, the cost of having his car hauled to the town of Bowie for repairs, and for $78.50, expenses incurred for medical treatment of his daughter for personal injuries sustained by her while riding with him at the time of the collision. The aggregate of damages claimed and enumerated above was $444.50.

Paragraph 9 in the plaintiff's petition reads as follows:

"This plaintiff further represents and shows to the court that prior to and at the time of the said collision he was engaged in the cotton business and that by reason of said wreck, as hereinbefore alleged, and by reason of said collision and injury and damages as hereinbefore alleged, this plaintiff lost at least forty-five (45) days time and that he was out of the use of his car for forty-five (45) days and that his time and the use of his car for said forty-five (45) days was reasonably worth the sum of ten dollars per day, or a sum-total of $450.00 and that he has been actually damaged, all told, as a direct and proximate result of said collision, as hereinbefore alleged, in the sum of $894.50."

Defendant addressed the following exception to that paragraph of plaintiff's petition:

"Defendant excepts to the allegations set forth in section IX of the plaintiff's said amended petition seeking recovery $450.00, alleged to be for the loss of plaintiff's time and for being without the use of his said car, because such time is not recoverable under the allegations of such petition, no basis for the recovery for the same being shown, and of this defendant prays judgment of the court."

That exception was sustained by the court and, the plaintiff declining to amend, the suit was dismissed by reason of the fact that other damages claimed in the petition were below the jurisdiction of the court.

The plaintiff has appealed from the judgment so rendered and the ruling of the court on the demurrer is the only assignment of error presented.

The exception sustained was in effect a general demurrer to paragraph 9 of plaintiff's petition, and it is the rule of universal application that all reasonable intendments of that pleading must be indulged in determining the merits of that demurrer; and, as announced in 17 Corpus Juris, p. 750:

"In the case of torts the general rule is that the wrongdoer is liable for any injury which is the natural and probable consequences of his misconduct. Such liability extends not only to injuries which are directly and immediately caused by his act, but also to such consequential injuries as, according to the common experience of men, are likely to result from such act."

In 8 Ruling Case Law, p. 490, it is said:

"A recovery may generally be had for the loss of the use of specific property, where the reasonable worth of such use may be shown with fair certainty. Thus a recovery may be had for the loss of hire of personal property which is damaged, or the rental value of property which is wrongfully detained. Courts sometimes will allow damages for the usable value of property destroyed, or the rental value of property damaged, for the time necessarily required in making repairs."

■ It is also true that an interruption of one's business by the wrongful acts of another is a proper element of damages provided such interruption is a natural and proximate result of such act. See 8 R. C. L. p. 494.

■ It will be noted that in the plaintiff's pleadings $450 was claimed as the aggregate of damages for the loss of the use of his car, which would mean its rental value during the time he was necessarily deprived of its use, and for loss of time from plaintiff's business. While a special exception might have been urged to the pleading demurred to requiring a separation of such of those items of damages, yet the defendant did not see fit to urge such an exception. In the absence of such an exception, the court erred in sustaining the demurrer pointed out above and in dismissing plaintiff's suit; and for that error the judgment is reversed, and the cause is remanded.