**GRAY COUNTY GAS CO. v. OLDHAM.**

No. 6132.

Court of Civil Appeals of Texas.
Amarillo.

Feb. 19, 1951.

Rehearing Denied March 26, 1951.

Morgan, Culton, Morgan, Britain & White, Amarillo, for appellant.

Walter E. Rogers and J. E. Thompson, Pampa, for appellee.

PITTS, Chief Justice.

This is a suit for damages in the sum of $9070 filed by appellee, John S. Oldham, against appellant, Gray County Gas Company, a corporation, alleging the existence of a natural gas seepage in appellant's pipe line on or about April 3, 1949, that resulted, due to appellant's negligence, in an explosion under appellee's building at Lefors, Gray County, Texas. The case was tried before a jury and judgment was rendered for appellee upon the jury verdict for the sum of $6435, from which appellant has perfected its appeal, complaining that the trial court erred in the submission of certain issues, in its refusal to submit other requested issues and in admitting certain

testimony before the jury over the objections of appellant.

The jury found that the seepage in appellant's gas line caused the explosion on the date in question, due to the following acts of negligence of appellant, each of which was a proximate cause of the damages sustained: (1) appellant failed to provide adequate, sufficient and safe pipe for conveying gas along and near appellee's building, (2) appellant failed to maintain its said pipe lying along and near appellee's building in a good and safe condition on the date in question, and (3) appellant maintained its pipe line in a negligent manner. In response to requested special issues submitted by the trial court at the request of appellant, the jury found that the explosion which resulted in the damages done was not an unavoidable accident; that appellant had actual knowledge, or by the exercise of ordinary care should have had such knowledge, that its gas line was leaking gas at a point near appellee's building and that its failure to repair such pipe line prior to the explosion constituted negligence on the part of appellant which was a proximate cause of the damages in question; that appellant failed to use ordinary care under the existing circumstances to properly maintain its gas line near appellee's building at the time and place in question and that such failure constituted negligence on the part of appellant that proximately caused the damages in question. The jury further found that appellee suffered fair and reasonable damages to his building in the sum of $5000, to personal property and fixtures located in his building in the sum of $315, and for the loss of the use of the building in the sum of $1120, making a total of $6435.

Appellant first charges error on the grounds that special issues Nos. 2 and 3 were multifarious and duplicitous because they inquired if the defendant failed to provide "adequate, sufficient and safe" pipe for conveying the gas in question and if such failure to provide "adequate, sufficient and safe" pipe for conveying the gas was negligence. Appellant contends that the pipe line in question could have been insufficient or inadequate and still have been safe and that each issue about which it complains presented more than one question that could have been answered differently.

The record reveals that appellee pleaded this particular act of alleged negligence conjunctively, that is, to the effect that appellant failed "to provide adequate, sufficient and safe pipe for the conveyance of gas". Ordinarily it is not error to submit the issue in the form it has been pleaded. 41 Tex.Jur. 1111, and other authorities there cited. An examination of the issues in question and the record reveals that each issue in question sought the answer to only one ultimate fact. The rule is well established that an issue is not to be condemned as multifarious or duplicitous merely because it groups more than one fact element therein, so long as it involves only one ultimate or controlling issue as was the case in both of these issues. Austin v. De George, Tex.Civ.App., 55 S.W.2d 585, writ refused; Service Mut. Ins. Co. of Texas v. Territo, Tex.Civ.App., 147 S.W.2d 846; Rainwater v. McGrew, Tex.Civ.App., 181 S.W.2d 103.

It is our opinion that the issues in question were properly submitted but, assuming that they were improperly submitted, the jury convicted appellant of other acts of negligence, two of which were separate acts of negligence upon issues requested by appellant itself, each of which was found to be a proximate cause of the explosion and damages, namely, that it failed to exercise ordinary care in maintaining its gas line and that it had actual knowledge, or by the exercise of ordinary care should have had such knowledge, that its gas line was leaking. There can be more than one proximate cause of such damages, and, since the judgment has support on other grounds of negligence found by the jury in answer to issues submitted by appellant itself, as well as others, the error would be harmless if special issues Nos. 2 and 3 had been improperly submitted. Wichita Valley Ry. Co. v. Williams, Tex.Civ.App., 6 S.W.2d 439. For the reasons stated appellant's first charge of error is overruled.

Appellant complains in points 2 and 3 that the trial court erred in submitting special issues Nos. 11 and 12. Issue number 11 made the following inquiry and the jury's answer follows:

"What sum of money do you find from a preponderance of the evidence would be the fair and reasonable value of the damages, if any, to the personal property and fixtures located in said building due to the explosion?

"Answer: $315.00."

Appellant contends that the issue is confusing, misleading and that it fails to give a correct measure of damages to be applied to the various items damaged. It further contends that some of the personal property in the building was not damaged, yet the issue did not limit the inquiry to the damaged property only.

■ The uncontroverted evidence clearly shows the items of personal property located in the building and the amount of damages done to those items damaged. The jury's finding is consistent with and is supported by the evidence. We find no fault in the manner in which the issue was submitted. However, since none of the facts concerning such damages were disputed, the amount of damages became a law question for the court and no error is shown either in the submission of the said issue or the answer thereto. Southern Underwriters v. Boswell, Tex.Civ.App., 141 S.W.2d 442, affirmed 138 Tex. 255, 158 S.W.2d 280.

■ Special issue number 12 made the following inquiry and the jury's answer follows:

"What sum of money, if any, do you find from a preponderance of the evidence would reasonably compensate the plaintiff for the loss of the use of the building due to the explosion from the date of the explosion to this date?

"Answer: $1120.00".

Appellant contends that the evidence is insufficient to support the jury finding. Appellee pleaded that he had been without the use of the building continuously since the date of the explosion due to the dam-

ages as a result thereof and it had a reasonable rental value of $80 per month. The uncontroverted evidence shows that the building was being occupied and used as a bowling alley at the time of the explosion and damages on April 3, 1949, by a tenant at a rental value of $80 per month; that the explosion blew the floor of the building through the ceiling, ruining both the floor and the ceiling, raised the roof, blew out the front plate glass, moved and cracked the walls until the building was not useable and could not be rented since the explosion; and that appellee had not been financially able to repair the building since the explosion and damage done to it. The interruption of one's business by negligent acts of another is a proper element of damages if such interruption is a proximate result of negligence as was true in the case at bar. Davis v. Mrs. Baird's Bakery, Tex.Civ.App., 30 S.W.2d 809. As a general rule the measure of damages for the loss of rental value of property under such circumstances as we find here is the ordinary rental value thereof, and where the property is not rentable, proof of the actual worth of the use thereof may be resorted to. 25 C.J.S., Damages, § 89, p. 631. It is our opinion that the evidence supported the submission of special issue number 12 and the jury's answer thereto.

In points 4 and 5 appellant charges that the trial court erred in failing and refusing to submit to the jury its special requested issues numbers 5 and 6. It complains because the trial court refused to submit its special requested issue number 5, the first part of which was presented in the following language: "Do you find from a preponderance of the evidence that plaintiff failed to notify defendant of the presence of natural gas in the building involved prior to the explosion? Answer 'Yes' or 'No'." Following that part of the issue appellant further requested inquiries as to the issue of negligence if any and proximate cause if any.

Appellee testified that he detected some gas leaking about his premises late in November of 1948 and repaired his own connections in an attempt to stop the leak. Thereafter he still detected gas leaks and

mentioned such once or twice to D. M. Jones, appellant's manager, who denied that appellee had ever mentioned such to him. However, D. M. Jones testified that he had numerous other complaints about gas leaks in Lefors and that he repaired a gas leak, as a result of a leakage report, about 60 feet from appellee's building in question some three weeks before the explosion in question; that some "kid" reported the leak to him the day before he repaired it by putting in a new pipe but he did not on that occasion examine the gas pipes about appellee's building and premises. Jones further testified that appellant had exclusive control of the gas lines about appellee's building. The evidence reveals that appellant examined and repaired the gas lines about appellee's building two days after the explosion occurred and removed old rusty pipes that had corroded. Jones himself testified that the pipe had been in use there nineteen years and was thin, rusty and pitted and that the ground at places down there was "rough" on pipes. Those who removed the old pipe there found evidence that gas had been escaping for some time in that area. There was other testimony to the effect that gas bubbles had been visible in the streets and along the curb in the vicinity of appellee's building when it rained for several months before the explosion; that on one occasion during the Christmas holidays of 1948 the gas caught on fire in that vicinity from fireworks children had set off.

Both parties have cited a Missouri case in support of their respective positions here asserted. An examination of that case, Messmer v. St. Louis County Gas Co., Mo.App., 42 S.W.2d 963, reveals a very similar factual situation to the one here presented. In that case the court held that a gas company, under such circumstances as we find in the case at bar, owes a very high degree of care in laying and maintaining its gas pipes and must efficiently inspect them; that notice of defects in its pipe will be presumed under circumstances where the gas company, by the exercise of proper diligence, might have timely discovered and repaired existing defects; that

the company is liable for injuries and damages without notice when it is shown that the leaks and defects causing such were due to faulty construction or maintenance or for any other reason for which the company is to blame. The court further held in that case that plaintiff was not guilty of contributory negligence for failure to give notice to the gas company when the facts were such as would charge the gas company with notice anyway.

■ The case of Houston Gas & Fuel Co. v. Perry, Tex.Civ.App., 55 S.W.2d 901, was a gas explosion suit for damages. It was affirmed by the Supreme Court as reported in 91 S.W.2d 1052, after reforming as to the issue of damages. The Court of Civil Appeals in that case held that where the explosion was shown to have been caused by escaping gas from pipes and appliances that were under the exclusive control of the gas company, as was the case here, the burden shifted to the gas company to show its freedom from negligence; that the injury and damages resulted because the gas company failed to exercise proper care for which reason the issue of contributory negligence was not raised. In the case at bar the evidence reveals conclusively that the gas pipes and appliances were under the exclusive control of appellant and that the explosion occurred as a result of appellant's failure to exercise proper care. The evidence amply supports the jury findings in response to appellant's own requested special issues to the effect that appellant failed to exercise ordinary care under the existing circumstances and that appellant had actual knowledge, or by the exercise of ordinary care should have had such knowledge, of the defects of its gas line at the point in question. For the reasons stated, it is our opinion that it was not error for the trial court to refuse to submit appellant's special requested issue number 5 in its various parts.

Appellant likewise complains because the trial court refused to submit to the jury its special requested issue number 6 presented in three parts in the following language:

"A. Do you find from a preponderance of the evidence that some years prior to

the explosion in plaintiff's building Gray County damaged defendant's gas line near said building with its road grading machinery? Answer 'Yes' or 'No'.

"Answer:

"If you have answered B 'No', then answer B.

"B. Do you find from a preponderance of the evidence that Gray County notified defendant of such damage to its pipeline, if any? Answer 'Yes' or 'No'.

"Answer:

"If you have answered B 'No', then Answer C.

"C. Do you find from a preponderance of the evidence that the defendant used ordinary care under the circumstances existing at the time and place in question in inspecting its pipeline near plaintiff's building? Answer 'Yes' or 'No'."

It may be observed that the third part of the requested issue (part C) pertaining to ordinary care exercised by appellant was submitted to the jury in substance in another issue requested by appellant and answered against it both as to negligence and proximate cause. That part of the issue certainly should not have been twice submitted in the same language or in substance in any event. In support of its contention concerning the submission of requested issue number 6 in all of its parts appellant relies on the testimony of its general manager, D. M. Jones, who testified that he helped examine and repair the pipe near appellee's building two days after the explosion; that he found a dent or crimp in the pipe in one place that looked like it had been caused by a grader blade, bulldozer, or some other blade of that nature; that the last time the street had been graded over the pipe in question was about eighteen months before the explosion; that he thought the pipe in question had been hit by a blade but he would not say such was true and he was guessing about it because he found the pipe dented. Jones further testified in connection with the pipe in question, as has been heretofore stated, that the pipe had been down there nineteen years and was rusty, thin and pitted. He likewise testified that he had never had

notice that the pipe in question had been hit by machinery. He also testified that appellee had not told him about gas leaks near his premises, but he did not testify that he had never had notice of such leaks in that area. He, in fact, testified that numerous reports had been made to him about gas leaks in Lefors and that he repaired a gas leak 60 feet from appellee's premises three weeks before the explosion but did not examine appellee's premises for gas leaks on that occasion.

The evidence is speculative as to whether or not the pipe was hit by a grader blade and it wholly fails to show when the pipe was hit, if at all, or who hit it, if anybody. The first question propounded by the requested issue inquires if the jury finds by a preponderance of the evidence that Gray County damaged the gas line "some years prior to the explosion in plaintiff's building". The time element in the question as propounded makes the issue raised, if any, almost too remote to be considered. Nevertheless it is our opinion that the evidence, at most, does no more than raise a mere surmise or suspicion that appellant's pipe in question might have been hit by some kind of machinery at some time during the nineteen years it had been under the ground and in use, but the evidence wholly fails to show when it was hit or who hit it, if it had in fact been hit. It is our opinion that the trial court properly refused to submit the requested issue or any of its parts. Federal Underwriters Exchange v. Bullard, Tex.Civ.App., 128 S.W.2d 126, and other authorities there cited.

Appellant charges that the trial court erred in permitting the witness, D. M. Jones, appellant's manager, to testify over appellant's objections, concerning complaints of gas leaks received by him from all over the town of Lefors without confining the testimony to complaints about leakages only in the vicinity of appellee's building in question. The record reveals that the trial court first sustained appellant's objections to the testimony offered by appellee. But, upon an explanation by appellee's counsel to the effect that the town of Lefors was small and any leakages re-

ported in the town would be near appellee's building and that such evidence was also being offered to show the general method used by appellant in maintaining its gas pipes all over Lefors, the trial court then overruled appellant's objections and admitted the testimony. Jones then testified that numerous complaints had come to him about gas leaks all over Lefors. He first testified that the nearest one to appellee's building was 500 or 600 feet, but he later admitted that he had a report about a gas line leakage only 60 feet from appellee's building about three weeks before the explosion and he repaired it himself. The latter admission clearly shows a leakage reported in the vicinity of appellee's building. Under the facts and circumstances here presented, it is our opinion that the trial court did not commit reversible error, if in fact any error, in admitting the testimony in question over the objections of appellant and its complaint to the contrary is overruled.

A careful examination of the record and of the briefs reveals no reversible error. Appellant's points of error to the contrary are all overruled and the judgment of the trial court is affirmed.