**W. F. BRADLEY, Appellant,**

v.

**Sue Ferris McINTYRE, Appellee.**

No. 14189.

Court of Civil Appeals of Texas.

Houston.

Nov. 21, 1963.

On Remittitur Dec. 5, 1963.

Rehearings Denied Dec. 19, 1963.

J. Paul Pomeroy, Jr., Houston, for appellant.

Collins & Moore; Gene E. Putnam, Houston, for appellee.

WERLEIN, Justice.

Appellant, W. F. Bradley, appeals from a judgment in the sum of $1250.00 adjudged against him by the court, without a jury, as damages for the destruction of appellee's garden on the rear 5 X 65 feet of her property, and the appropriation to himself of the use of such area.

At the request of appellant, the trial court made and filed its findings of fact and conclusions of law. The court found that appellant individually and through his agents, servants and employees, went upon appellee's premises on or about November 6, 1959, without any right, title or invitation, and without her consent or permission, express or implied, and destroyed her garden and appropriated to himself the use of the 5 X 65 feet of her premises, spreading shell over such area; that the use of the appropriated area continued from on or about November 6, 1959 to date of trial, Decem-

ber 7, 1962; and that as a result of such actions, appellee was damaged in the sum of $1250.00.

Appellant asserts that there is no evidence, and alternatively insufficient evidence, to support a finding that appellee was damaged in the sum of $1250.00. It clearly appears from an examination of the court's findings and conclusions that the damages awarded appellee were for trespass upon a strip of 5 X 65 feet of her property, the destruction of her garden thereon, the spreading of shell over said area, and the use of the appropriated area for more than three years. Nothing was allowed by the court for the alleged damage to appellee's fence. Appellant did not request any additional findings of fact with respect to the allocation or itemization of the amount of damages found by the court.

■ Appellee alleged that "Defendant Bradley has taken the use of said 325 square feet since November of 1959, and said area has a reasonable monthly rental value of Twenty-five Dollars ($25.00) per month * * *" The testimony of Mr. J. B. Huff, a licensed real estate broker, was that the rental value of such strip was $35.00 per month. There is nothing in the record to the contrary, nor is there anything to indicate the amount the court allowed as damages for the use of such appropriated area for the 37 months the trespass and appropriation continued. The pleadings and evidence would sufficiently support a finding of as much as $25.00 per month, or a total of $925.00, for the use of the tract appropriated for the period such use continued.

■ The law is well settled that where the owner of land establishes that his land has been trespassed upon and appropriated by another to his use, the owner may recover as damages from the trespasser the reasonable value of the use of the portion of the land occupied by him. Fairchild v. Wilson, Tex.Civ.App.1914, 168 S.W. 409; City of Austin v. Long, 1956, 296 S.W.2d

624, writ ref., n. r. e.; 17 Tex.Jur.2d, p. 147, Damages, § 72.

The undisputed evidence is that the reasonable cost of removing the shell placed upon appellee's property by appellant would be $250.00. Appellant appropriated to himself the use of the strip of land in question for some 37 months during which time his trespass upon and dominion over the land continued, so that the shell could not be removed during such period. It is our view that an award of $250.00 for this item of damage finds sufficient support in the evidence.

The only evidence as to the reasonable cost of restoring appellee's garden to its condition immediately prior to the trespass consists of the testimony of Mrs. Albert Cole. This witness had never seen the strip of land in question until some 37 months after the destruction of the garden, and hence could not testify as of her own knowledge as to the condition of the garden prior to the trespass or as to the cost of repairing the injury as of that time. She did testify that it would cost $450.00 to replace the shell on the strip of land with a mixture of soil, peat moss, and fertilizer to bring it to regular grade, and replace eight roses, 20 Cannas, and transplant the cane. Her testimony clearly shows that her estimate included doing more than merely restoring the strip of land to its former condition. She proposed to furnish fertilizer and peat moss and soil, although she understood that all of the strip was not fertilized before the trespass. There is no evidence as to the value of the roses, bushes, Cannas and cane destroyed, or the reasonable cost of replacing the same immediately or shortly after they were destroyed. Her estimate of costs was based upon what it would cost to restore the garden at the time of the trial and was not restricted to the time of the injury. Victory Truck Lines v. Brooks, Tex.Civ.App., 218 S.W.2d 899. Actually, appellee did not sue for the cost of restoring her garden to its former condition. She sued for the destruction of her garden, consisting of shrubs and flowers which she

had planted. She alleged that the reasonable value of the garden was $750.00. There was no evidence, however, as to the value of the garden at the time of its destruction.

■ In the case of temporary injury to real estate, the measure of damages is ordinarily the cost and expense of restoring the land to its former condition, plus the loss or damages occasioned by being deprived of the use of same, with interest. Sabine & E. T. Ry. Co. v. Joachimi, 58 Tex. 456; Trinity & S. Ry. Co. v. Schofield, 72 Tex. 496, 10 S.W. 575; Burlington-Rock Island R. Co. v. Newsom, Tex.Civ.App., 239 S.W. 2d 734; Hood v. Adams, Tex.Civ.App., 334 S.W.2d 206; 17 Tex.Jur.2d, p. 144, Damages, § 69.

We have concluded that the evidence is insufficient to support a finding of damages for the destruction of appellee's garden. The trial court, however, allowed some damages therefor. The largest amount that could have been allowed is the sum of $450.00, being the largest amount Mrs. Cole estimated as the cost of restoring the garden at the time of the trial. The deduction of such amount from the judgment would eliminate any possible error therein, since there is sufficient evidence to support a judgment in the amount of $800.00.

If appellee will file in this Court a remittitur of $450.00 on or before December 2, 1963, the judgment of the trial court will be reformed accordingly, and, as reformed, will be affirmed; otherwise, the judgment of the trial court will be reversed and the cause will be remanded for a new trial.

On November 21, 1963, we indicated by an opinion in writing that if appellee would file a remittitur of $450.00 on or before December 2, 1963, the judgment of the trial court would be reformed and, as reformed, would be affirmed; and that otherwise the judgment of the trial court would be reversed and the cause remanded. Appellee has filed the suggested remittitur of $450.00.

Accordingly, as of this date, the judgment of the trial court is reformed by deducting the amount of $450.00 from the judgment recovered by appellee, and, as so reformed, is affirmed.

One-third of the costs of the present appeal will be taxed against appellee, Sue Ferris McIntyre, and two-thirds thereof against appellant, W. F. Bradley.

Motion for rehearing may be filed by either party within 15 days from this date.