**TEXAS TOOL TRADERS, INC., et al.,**
**Appellants,**

v.

**MOSLEY MACHINERY COMPANY, Inc.,**
**Appellee.**

**No. 4655.**

Court of Civil Appeals of Texas.

Waco.

Dec. 7, 1967.

Rehearing Denied Dec. 28, 1967.

Eades & Eades, Dallas, for appellants.

Leonard L. Gorin, Waco, for appellee.

## OPINION

WILSON, Justice.

Appellee-plaintiff sued appellants for damages resulting from conversion of machinery which they had borrowed, and resulting from their failure to deliver other equipment which plaintiff had bought and paid for. Plaintiff recovered in a non-jury trial. Findings and conclusions were filed.

Defendants admit the conversion, and concede liability for damages. They attack only the findings as to amount and the measure adopted by the trial court.

They assert also that there is insufficient evidence, or none, to support findings as to value of loss of use of the equipment not delivered. They say the record does not support the judgment against them for exemplary damages.

Plaintiff operates a factory in which machinery for the metal industry is manufactured. The business grosses about two million dollars annually and has about 100 employees. The most important machine tools in the plant are 12 metal lathes. Appellants are engaged in the business of buying, selling and rebuilding lathes and other machine tools.

In 1965 appellee purchased from another supplier a rebuilt Niles lathe at a cost of $13,500. In June, 1965 it bought from appellants a rebuilt Axelson lathe, which included a chuck and a traverse, paying appellants $14,500 cash plus sales tax therefor. While installing the latter equipment in appellee's plant appellants borrowed the gear box from the Niles lathe, stating they desired to use it as a model or pattern from which to construct another in their plant. Such gear boxes are scarce or unavailable.

Defendants never returned the borrowed Niles lathe gear box, though frequently promising to do so. Instead, they installed it on another machine without plaintiff's knowledge or consent. The latter machine, with plaintiff's gear box made a part of it, defendants sold to a Louisiana customer.

The chuck, which was a component of the Axelson lathe purchased for cash from defendants on June 4, 1965, was not delivered to plaintiff until April 11, 1966. Defendants delayed delivery of the traverse until May, 1966. The evidence shows the chuck is the fixture which holds metal in the lathe while it is being turned, threaded or drilled; and that the Axelson lathe purchased from defendants was rendered practically useless without it and the traverse.

The court found defendants agreed to deliver and sent plaintiff an invoice showing shipment of chuck and traverse on June 4, 1965, but failed to deliver or ship them until April and May, 1966; that they wrongfully withheld delivery and deprived plaintiff of the use thereof during the delay; that the reasonable and fair value of the use of the chuck lost during this period was $450; and of the traverse, $750. Judgment for loss of use was for these amounts.

■ Defendants say there is no evidence, or insufficient evidence, to support the findings as to damages for loss of use. These points are overruled. It is undisputed that appellee was deprived of the use of the equipment for over ten months. There was evidence that the reasonable rental value of equipment of the type of the traverse and chuck was five per cent per month of its reasonable market value; that the reasonable market value of the chuck was between $600 and $1,000; and of the traverse, $1500; that the reasonable rental value of the lathe if complete with its components was $500 per month. It is true that there was contrary and inconsistent evidence from interested witnesses, but the trial court was authorized to accept or reject all or parts of the opinion testimony. Ford v. Panhandle & Santa Fe Ry. Co., 151 Tex. 538, 252 S.W.2d 561; Muro v. Houston Fire & Casualty Insurance Co., Tex.Civ.App., 329 S.W.2d 326, 331, writ ref. n. r. e., and cases cited.

■■ In determining the value of loss of use of personalty as a measure of damage, it is not essential that the value be shown with absolute certainty. Latitude is allowed in determining damages where there is no precise measurement. The object is to award the owner actual pecuniary compensation for his loss. International-Great Northern R. Co. v. Casey, Tex.Com. App., 46 S.W.2d 669; Pridgin v. Strickland, per Lipscomb, J., 8 Tex. 427.

■■ In ascertaining the value of loss of use resulting from detention of personalty, as in the case of loss of use while

**232**

it is undergoing repair from damage, its reasonable rental value is a factor which it is proper to consider. Brown v. Guaranty Securities Co., (Tex.Com.App., 1924) 265 S.W. 547, 550; Craddock v. Goodwin, 54 Tex. 578, 588; Universal Credit Co. v. O'Neal, Tex.Civ.App., 140 S.W.2d 596, 600; Stalker v. Williams, Tex.Civ.App., 3 S.W.2d 534, 535; Montgomery v. Gallas, Tex.Civ.App., 225 S.W. 557, 560; Baldwin v. G. M. Davidson & Co., Tex.Civ.App., 127 S.W. 562, 564. Here appellee did not attempt to recover or offer evidence on loss of profits during the period of lost use, notwithstanding proof that the entire lathe, for which appellants had received $14,500 from appellee, was practically useless for ten months. The evidence was adequate to sustain the findings.

It is next urged that the evidence is legally and factually insufficient to support the court's finding that the converted Niles lathe gear box was of the reasonable cash market value of $10,000, and that there is no supporting pleading. There was also a finding that the reasonable cost of making a Niles gear box is $10,000. Appellants assail the latter finding on grounds of lack of pleading and evidence, and because it does not constitute a proper measure of damage.

The judgment does not fix the measure of damage applied by the trial court, and does not restrict recovery to either of the bases challenged by these points. Plaintiff's pleading alleged it had been damaged $13,500 by the conversion of the gear box and failure of defendants to return it, and prayed for judgment in this amount. They did allege they were damaged by reason of the lathe being rendered useless. They did not allege market value of the gear box.

In a tort action it is not required that the measure of damage be alleged. It is only necessary to allege facts constituting a cause of action. The measure of damage is a matter of law for the court under the evidence. Phillips v. Cook, Tex.Civ.App., 282 S.W.2d 294, 296, writ ref. n. r. e.; McMahan v. Musgrave, Tex.Civ.App., 229 S.W.2d 894, 897, writ dism.; Lloyds America v. Payne, Tex.Civ.App., 85 S.W.2d 794, 795; Beeson v. Marshall, Tex.Civ.App., 353 S.W.2d 234, 237, writ ref. n. r. e.; 17 Tex.Jur.2d, Damages, Sec. 197, p. 263. We find no objection to evidence introduced on the issue of damages on the ground that it was not raised by the pleading. Issues supporting the judgment were tried by implied consent under Rule 67, Texas Rules of Civil Procedure.

The evidence on this portion of the damages supports the judgment.

Exemplary damages of $5,000 were awarded on the court's finding that defendants "knowingly, wilfully, intentionally, fraudulently and with malice" converted the lathe gear box. Defendants apparently attack the determination because there is no finding the conversion was accompanied by any "wilful act of violence, malicious or oppressive conduct" in the language of a case they cite. In this case the quoted elements not included in the findings were not necessary. Those which were found by the court are sufficient as a basis for recovery of exemplary damages. Connor v. Sewell, 90 Tex. 275, 38 S.W. 35; Lane v. Security Title & Trust Co., Tex.Civ.App., 382 S.W.2d 326, writ ref. n. r. e.; Burmarsal Co. v. Lake, Tex.Civ.App., 272 S.W. 582, writ dism.

Appellants' points have all been fully considered and are overruled. Affirmed.