BRAZOS ELECTRIC POWER COOPERATIVE, INC., Appellant,

v.

William Michael TAYLOR et ux., Appellees.

No. 5916.

Court of Civil Appeals of Texas, Waco.

Dec. 14, 1978.

Rehearing Denied Jan. 18, 1979.

Philip R. Segrest, Segrest, Mills, Cameron & Riley, Waco, Tim Altaras, Altaras, Altaras & Pritchard, Cleburne, for appellant.

Kenneth W. Boyd, Law Office of Michael J. Rogers, Cleburne, for appellees.

HALL, Justice.

This proceeding was brought by appellant Brazos Electric Power Cooperative, Inc., against appellees William Michael Taylor and wife, to condemn an easement and right-of-way 60 feet wide, containing 1.63 acres of land, upon and across a tract of approximately six acres owned by appellees in Johnson County, for the purpose of reconstructing and converting an existing electric transmission line owned by appellant across the tract from 69 KV to 138 KV, and for maintaining the line. The Taylors were left use of the easement premises to the extent their use did not interfere with Brazos Electric's easement rights. The date of taking was June 25, 1974.

All issues except damages were eliminated by stipulations, and the parties were realigned for trial with the Taylors as plaintiffs and Brazos Electric as defendant. We shall refer to the parties by those trial court designations.

Trial was to a jury on December 13, 1977. Answering special issues numbered as follows, the jury made these findings:

1. Considered as severed land, the market value of the easement premises immediately prior to the taking was $4,617.79.
2. Considered as severed land, the market value of the easement premises immediately after the taking was $1,385.34.
3. Excluding the easement premises, the value of plaintiffs' remaining land immediately prior to the taking was $12,382.21.
4. Excluding the easement premises, the value of · plaintiffs' remaining land immediately after the taking was $3,714.66.
5. Defendant's reconstruction work on the easement premises since June 25, 1974 (the date of taking) caused erosion on the land in question.
6. $3,000.00 would fairly and reasonably compensate plaintiffs for restoring the erosion caused by defendant.

Judgment was rendered on the stipulations and the verdict granting defendant its easement and awarding plaintiffs $14,-900.00 damages. Defendant brought this appeal. Defendant's complaints for reversal may be summarized as follows:

1. The court erred in submitting special issues 5 and 6 to the jury over defendant's objection and rendering judgment thereon because those issues submitted an improper measure of damages and the judgment thereon allowed plaintiffs a double recovery.
2. The court erred in admitting evidence over defendant's objection relating to the cost at the time of trial of restoring the eroded land because the date of taking (June 25, 1974) and not the date of trial (December 13, 1977) was the proper date for such valuation in this condemnation proceeding.
3. The evidence is legally and factually insufficient to support the jury's answers to special issues 2, 4, 5, and 6; and the awards to plaintiffs based on those answers are excessive under the evidence.

 Defendant's objections to the submission of Special Issues 5 and 6 were that number 5 was "a comment on the weight of the testimony" because it assumed defendant caused erosion on plaintiffs' land, and that number 6 "does not submit the proper measure of damages." Rule 274, Vernon's Tex.Rules Civ.Proc., provides that a party objecting to the court's charge "must point out distinctly the matter to which he objects and the grounds of his objection," and that any complaint as to an issue on account of any defect shall be deemed waived unless specifically included in the objection. Defendant's objections to Issues 5 and 6 did not include its complaint on appeal that those issues, in connection with the other issues, allowed plaintiffs a double recovery and that complaint was therefore waived. Specifically, the objection that Issue 6 "does not submit the proper measure of damages"

was too general to preserve for review any error in the issue. *Whitson Company v. Bluff Creek Oil Company*, 156 Tex. 139, 293 S.W.2d 488, 493 (1956).

■ There was uncontradicted testimony that defendant's destruction of vegetation on the easement premises caused substantial erosion, and that the reasonable cost of restoring the eroded land would be $4,500.00 to $5,100.00. We hold the evidence was both legally and factually sufficient to support the jury's answers to Special Issues 5 and 6.

■ The measure of damages arising from temporary injury to land is ordinarily the cost and expense of restoring the land to its former condition, plus any loss or damages occasioned by being deprived of the use of the land, with interest. *Bradley v. McIntyre*, 373 S.W.2d 389, 391, (Tex.Civ.App.—Houston 1963, writ ref'd n. r. e.). Under that rule the injured party is entitled to damages caused by the injury up to the time of trial. *Texas Electric Service Company v. Linebery*, 333 S.W.2d 596, 598 (Tex. Civ.App.—El Paso 1960, no writ). Accordingly, defendant's objection to testimony showing the cost at the time of trial of restoring plaintiffs' land was properly overruled.

■ Simple mathematical calculations show that excepting discrepancies or figure-adjustments which fall within the maxim *de minimis non curat lex* the jury in their answers to Special Issues 1 and 3 valued the 1.63-acres easement tract and also the remainder containing approximately 4.37 acres at $2,833.00 per acre before the taking, and that in their answers to Special Issues 2 and 4 the jury valued the easement tract and also the remainder at $850.00 per acre after the taking. We hold the evidence is legally sufficient to support those answers.

Plaintiffs' land contains approximately six acres. Although plaintiffs reside on it, on defendant's motion and objections both the easement tract and the remainder were valued as unimproved land at the trial. The evidence shows that plaintiffs' six-acres tract is 201 feet wide on its East and West ends and 1200 feet long on its North and South sides. It is located partly in the City of Joshua, and its East end is bordered by State Highway 174 which is "a divided, four-lane, busy, major highway in Johnson County." The 60-feet wide easement runs the length of the six acres near the middle of the tract, thus dividing the original tract into three "long, slender pieces of property." Defendant's transmission lines are supported the length of the easement on several tall "H" frames. The portion of the six acres fronting on the highway is far more valuable than the rear portion. Plaintiffs' expert witness testified: "Actually, you just wind up with two pieces of property. You have the [highway] frontage of 89 feet [on the tract north of the easement] and the frontage of fifty-two feet [on the tract south of the easement]. And, certainly, if it was all combined together where you had two hundred and one, you might be able to do something with it. But the fifty-two would be limited to the building. And so would the eighty-nine. And you certainly couldn't build anything under the power line. So, essentially, it is lost." He set the value of the easement premises before the taking at $10,500.00 and after at $3,300.00, and set the value of the remainder at $28,500.00 before and $18,000.00 after. Although defendant's expert witness testified that the easement premises decreased in value from $3,260.00 to $2,293.00 as a result of the taking, he stated that the remainder was not damaged and that its value was $12,426.00 both before and after the taking. He also testified that the highest and best use for all the property both before and after the taking was as "a low cost mobile home park." He said, "There aren't too many of those in Johnson County. The property configuration of the property is ideal for that type of enterprise. Therefore we construed that to be the highest and best use." Plaintiff Mr. Taylor testified that the value of the easement strip before the taking was $12,000.00, and that its value after was "Nothing. Zero to me. I'm sure it had some market value, but [when] I bought the place I didn't have no buildings

or fixtures under the [transmission lines] whatsoever." He valued the remaining land at $38,000.00 before the taking and $20,000.00 after.

As trier of the facts, it was the jury's prerogative and duty to weigh all the evidence, ferret out what they believed to be its most credible parts, and answer the value questions accordingly. The testimony of plaintiffs' expert witness set the reduction in value of the easement premises at $4,409.00 per acre. The jury's findings that the value of the easement premises was $2,833.00 per acre before the taking and $850.00 per acre after the taking is supported by testimony of the witnesses and the other evidence set forth above. Additionally, under the evidence, the jury was justified in believing that as unimproved land the easement premises and the remaining acreage had the same highest and best use and the same values per acre both before and after the taking.

Our review of all the proof convinces us that the jury's answers are not against the great weight and preponderance of the evidence.

Defendant's points and contentions are overruled. The judgment is affirmed.