COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-387-CV
 
SOUTHWESTERN BELL TELEPHONE       
           
           
        APPELLANT
AND
COMPANY                                                                                 
APPELLEE
V.
BARRY MICHAEL HAMIL, CAROLYN       
           
           
        APPELLEES
AND
KAY HAMIL ARNOLD, AND DOROTHY       
           
           
         
APPELLANTS
HAMIL TRUST
------------
FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY
------------
OPINION
------------
This is a trespass case. In four issues on
appeal, Southwestern Bell Telephone Company ("SBC") contends that
there is insufficient evidence to support the jury's verdict and that the Hamils
are not entitled to recover attorney's fees. SBC also complains that the trial
court abused its discretion by admitting evidence of compromises and offers to
compromise by both parties. On cross-appeal, the Hamils argue that the trial
court erred in setting aside the jury's finding of malice sua sponte. We reverse
and remand the case for a new trial.
Barry, Carolyn, and Dorothy Hamil
("the Hamils") own two tracts of land in Mansfield, Texas. The two
tracts were once part of a single, larger tract, but were split due to a taking
by the Texas Department of Transportation for use as Texas Highway 360. The
remaining tracts of land are an eleven acre tract on the east side of Highway
360 and a fifty-nine acre tract on the west side of the highway. Before Highway
360 came through, the land was bordered on the south by a street called Broad
Street. When Highway 360 was constructed, Broad Street was rerouted. As
rerouted, Broad Street runs parallel to the Hamils' property boundary and then
curves off to the south.
In October 1998, the Hamils discovered
that SBC had buried a telephone line along the portion of Broad Street that ran
parallel to their property. Instead of following Broad Street as it curved
south, however, the phone cable continued in a straight line across the Hamils'
property. After confirming that there were no utility easements or rights-of-way
on the property, Barry Hamil attempted to contact SBC, but was unsuccessful. As
a result, he sought the advice of a real estate attorney. When Hamil's attorney
confronted SBC regarding the problem, SBC repeatedly contended that the phone
lines were within the Texas Department of Transportation's right-of-way. After
ten months of negotiations, the Hamils eventually sued SBC seeking damages for
trespass, nuisance,(1) and negligence as well as
a declaratory judgment regarding the absence of a right-of-way easement on the
property.
The case went to trial on July 17, 2002.
The jury found that the telephone lines constituted a trespass on the Hamils'
land; that SBC acted with malice; and, that SBC was negligent in the placement
of its lines. The jury awarded the Hamils $105,561.50 in damages for the use of
the property, in addition to prejudgment interest and attorney's fees.(2)
The trial court set aside the jury's finding of malice. SBC then filed a motion
for JNOV and a motion for new trial contending that the Hamils had produced no
evidence to support the jury's award of damages. The trial court denied both
motions and rendered a final judgment for the Hamils.
SBC contends that the evidence is legally
and factually insufficient to support the jury's damage finding. In determining
a legal sufficiency issue, we are to consider only the evidence and inferences
that tend to support the finding and disregard all evidence and inferences to
the contrary. Bradford v. Vento, 48 S.W.3d 749, 754 (Tex. 2001); Cont'l
Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 450 (Tex. 1996); In re
King's Estate, 150 Tex. 662, 244 S.W.2d 660, 661 (1951). Anything more than
a scintilla of evidence is legally sufficient to support the finding. Cazarez,
937 S.W.2d at 450; Leitch v. Hornsby, 935 S.W.2d 114, 118 (Tex. 1996).
More than a scintilla of evidence exists if the evidence furnishes some
reasonable basis for differing conclusions by reasonable minds about the
existence of a vital fact. Rocor Int'l, Inc. v. Nat'l Union Fire Ins. Co.,
77 S.W.3d 253, 262 (Tex. 2002).
An assertion that the evidence is
factually insufficient to support a fact finding means that the evidence
supporting the finding is so weak or the evidence to the contrary is so
overwhelming that the answer should be set aside and a new trial ordered. Garza
v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965). We are required to consider all
of the evidence in the case in making this determination. Mar. Overseas
Corp. v. Ellis, 971 S.W.2d 402, 406-07 (Tex.), cert. denied, 525
U.S. 1017 (1998). If we determine the evidence is factually insufficient, our
opinion must detail the evidence relevant to the issue in consideration and
clearly state why the evidence is factually insufficient to support the finding
or is so against the great weight and preponderance as to be manifestly unjust,
why it shocks the conscience, or why it clearly demonstrates bias. Pool v.
Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh'g). Further,
our opinion must state in what regard the contrary evidence greatly outweighs
the evidence in support of the finding. Id.; see also Lofton v.
Tex. Brine Corp., 720 S.W.2d 804, 805 (Tex. 1986).
If a land owner establishes that his land
has been trespassed upon and used by another, the owner may recover actual
damages in the amount of the reasonable value of the use of the portion of the
land occupied by the trespasser. Bradley v. McIntyre, 373
S.W.2d 389, 390 (Tex. Civ. App.--Houston 1963, writ ref'd n.r.e); see also
Brazos Elec. Power Co-op., Inc. v. Taylor, 576 S.W.2d 117, 120 (Tex. Civ.
App.--Waco 1978, writ ref'd n.r.e.); Tex. Elec. Serv. Co. v. Linebery,
333 S.W.2d 596, 598 (Tex. Civ. App.--El Paso 1960, no writ). The owner, however,
may only recover for such loss of use if the reasonable value of the use can be
established with fair certainty. Goose Creek Consol. I.S.D. v. Jarrar's
Plumbing, Inc., 74 S.W.3d 486, 496 (Tex. App.--Texarkana 2002, pet.
denied); Davis v. Mrs. Baird's Bakery, 30 S.W.2d 809, 810 (Tex. Civ.
App.--Fort Worth 1930, no writ). Absolute certainty is not required, as latitude
is allowed in determining damages where there is no precise measurement. Goose
Creek Consol. I.S.D., 74 S.W.3d at 496-97; Tex. Tool Traders, Inc. v.
Mosley Mach. Co., 422 S.W.2d 229, 231 (Tex. Civ. App.--Waco 1967, no writ).
The usual measure of damages for loss of
use of injured property is the reasonable cost of renting a replacement,
although the owner need not actually rent a substitute or show any amounts
actually expended during the period of loss in order to recover. Luna v. N.
Star Dodge Sales, Inc., 667 S.W.2d 115, 119 (Tex. 1984); City of Austin
v. Teague, 570 S.W.2d 389, 394 (Tex. 1978). Where property is not rentable,
the owner may resort to proving the actual worth of use. Goose Creek Consol.
I.S.D., 74 S.W.3d at 497; Gray County Gas Co. v. Oldham, 238
S.W.2d 596, 599 (Tex. Civ. App.--Amarillo 1951, no writ).
Applying these measures of actual damages
to the facts of this case, we conclude that there is some evidence in the record
of actual damages but that this evidence is factually insufficient to support
the jury's actual damage award of $105,561.50. The evidence of property damage
caused by SBC's trespass came from the testimony of Barry Hamil. Hamil testified
that the damage to the eastern tract is indeterminable. Although he said that
the value of this tract had "quintupled" in the last three years, this
testimony is speculative because Hamil offered no evidence of the tract's former
value.
With regard to the western tract, Hamil
testified that the phone lines had impacted the marketability of the tract.
However, Hamil presented no evidence showing the value of the tract at the time
of the trespass. The only evidence in the record of value is Hamil's testimony
that he had sold a utility easement for $2.00 per square foot several years
earlier and that he had recently been offered $2.50 per square foot for a
similar easement. While the totality of Hamil's testimony may constitute some
evidence to support an award of actual damages caused by SBC's trespass, it does
not establish the property's value with any reasonable degree of certainty and
is too weak to support the jury's finding that the Hamils' property was damaged
in an amount exceeding $100,000.(3)
Because we hold that the evidence is
factually insufficient to support the amount of damages awarded by the jury, we
reverse the trial court's judgment and remand the entire case for a new trial.(4)
 
                                                                       
JOHN CAYCE
                                                                       
CHIEF JUSTICE
 
PANEL A: CAYCE, C.J.; DAY and HOLMAN, JJ.
DELIVERED: August 21, 2003

1. The Hamils voluntarily dismissed their nuisance claim.
2. The jury noted that $89,561.50 of the $105,561.50
constituted damages for SBC's use of the land, while the remaining $16,000 was
for SBC's negligence and bad faith.
3. According to our calculation, Hamil's testimony that a
buyer had been willing to purchase an easement for $2.50 per square foot would
only support an award of approximately $45,000. This approximate figure is
derived by multiplying $2.50 per square foot by the 18,110 square feet of the
Hamils' property utilized by SBC.
4. Tex. R. App. P. 44.1(b) ("The court may not order
a separate trial solely on unliquidated damages if liability is
contested."). In light of our holding that the evidence was factually
insufficient to support the jury's damages award, it is not necessary for us to
address SBC's remaining issues or the Hamils' cross-issue. See Tex. R.
App. P. 47.1.