Southwestern Bell v. Hamil

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-387-CV

SOUTHWESTERN BELL TELEPHONE APPELLANT AND

COMPANY APPELLEE

V.

BARRY MICHAEL HAMIL, CAROLYN APPELLEES AND

KAY HAMIL ARNOLD, AND DOROTHY APPELLANTS

HAMIL TRUST

------------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

------------

OPINION

------------

This is a trespass case.  In four issues on appeal, Southwestern Bell Telephone Company (“SBC”) contends that there is insufficient evidence to support the jury’s verdict and that the Hamils are not entitled to recover attorney’s fees.  SBC also complains that the trial court abused it discretion by admitting evidence of compromises and offers to compromise by both parties.  On cross-appeal, the Hamils argue that the trial court erred in setting aside the jury’s finding of malice sua sponte.  We reverse and remand the case for a new trial.   

Barry, Carolyn, and Dorothy Hamil (“the Hamils”) own two tracts of land in Mansfield, Texas.  The two tracts were once part of a single, larger tract, but were split due to a taking by the Texas Department of Transportation for use as Texas Highway 360.  The remaining tracts of land are an eleven acre tract on the east side of Highway 360 and a fifty-nine acre tract on the west side of the highway.  
Before Highway 360 came through, the land was bordered on the south by a street called Broad Street.  When Highway 360 was constructed, Broad Street was rerouted.  As rerouted, Broad Street runs parallel to the Hamils’ property boundary and then curves off to the south. 

In October 1998, the Hamils discovered that SBC had buried a telephone line along the portion of Broad Street that ran parallel to their property
.  Instead of following Broad Street as it curved south, however, the phone cable continued in a straight line across the Hamils’ property.  
After confirming that there were no utility easements or rights-of-way on the property,
 Barry Hamil 
attempted to contact SBC, but was unsuccessful.  As a result, he sought the advice of a real estate attorney.  
When Hamil’s attorney confronted SBC regarding the problem, SBC repeatedly contended that the phone lines were within the Texas Department of Transportation’s right-of-way.  After ten months of negotiations, the Hamils eventually sued SBC seeking damages for trespass, nuisance,
(footnote: 1) and negligence as well as a declaratory judgment regarding the absence of a right-of-way easement on the property. 

The case went to trial on July 17, 2002.  The jury found that the telephone lines constituted a trespass on the Hamils’ land; that SBC acted with malice; and, that SBC was negligent in the placement of its lines.  The jury awarded the Hamils $105,561.50 in damages for the use of the property, in addition to prejudgment interest and attorney’s fees.
(footnote: 2)  The trial court set aside the jury’s finding of malice.  SBC then filed a motion for JNOV and a motion for new trial contending that the Hamils had produced no evidence to support the jury’s award of damages.  The trial court denied both motions and rendered a final judgment for the Hamils. 

SBC contends that the evidence is legally and factually insufficient to support the jury’s damage finding.  In 
determining a legal sufficiency  issue, we are to consider only the evidence and inferences that tend to support the finding and disregard all evidence and inferences to the contrary.  
Bradford v. Vento, 
48 S.W.3d 749, 754 (Tex. 2001)
; Cont’l Coffee Prods. Co. v. Cazarez, 
937 S.W.2d 444, 450 (Tex. 1996);
 In re King’s Estate
, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).  Anything more than a scintilla of evidence is legally sufficient to support the finding.  
Cazarez,
 937 S.W.2d at 450;
 Leitch v. Hornsby
, 935 S.W.2d 114, 118 (Tex. 1996).  More than a scintilla of evidence exists if the evidence furnishes some reasonable basis for differing conclusions by reasonable minds about the existence of a vital fact. 
 Rocor Int’l, Inc. v. Nat’l Union Fire Ins. Co.
, 77 S.W.3d 253, 262 (Tex. 2002).

An assertion that the evidence is factually insufficient to support a fact finding means that the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the answer should be set aside and a new trial ordered.  
Garza v. Alviar
, 395 S.W.2d 821, 823 (Tex. 1965).  We are required to consider all of the evidence in the case in making this determination.  
Mar. Overseas Corp. v. Ellis,
 971 S.W.2d 402, 406-07 (Tex.)
, cert. denied
, 525 U.S. 1017 (1998).  If we determine the evidence is factually insufficient, 
our opinion must detail the evidence relevant to the issue in consideration and clearly state why the evidence is factually insufficient to support the finding or is so against the great weight and preponderance as to be manifestly unjust, why it shocks the conscience, or why it clearly demonstrates bias.  
Pool v. Ford Motor Co.
, 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh'g).  Further, our opinion must state in what regard the contrary evidence greatly outweighs the evidence in support of the finding.  
Id.
; 
see also Lofton v. Tex. Brine Corp.
, 720 S.W.2d 804, 805 (Tex. 1986).

If a land owner establishes that his land has been trespassed upon and used by another, the owner may recover actual damages in the amount of the reasonable value of the use of the portion of the land occupied by the trespasser.  
Bradley
 
v. McIntyre
, 373 S.W.2d 389, 390 (Tex. Civ. App.—Houston 1963, writ ref’d n.r.e); 
see also Brazos Elec. Power Coop, Inc. v. Taylor
, 576 S.W.2d 117, 120 (Tex. Civ. App.—Waco 1978, writ ref’d n.r.e.); 
Tex. Elec. Serv. Co. v. Linebery
, 333 S.W.2d 596, 598 (Tex. Civ. App.—El Paso 1960, no writ).  The owner, however, may only recover for such loss of use if the reasonable value of the use can be established with fair certainty.  
Goose Creek Consol. I.S.D. v. Jarrar’s Plumbing, Inc.
, 74 S.W.3d 486, 496 (Tex. App.—Texarkana 2002, pet. denied)
; Davis v. Mrs. Baird's Bakery
, 30 S.W.2d 809, 810 (Tex. Civ. App.—Fort Worth 1930, no writ).  Absolute certainty is not required, as latitude is allowed in determining damages where there is no precise measurement.  
Goose Creek Consol. I.S.D.
, 74 S.W.3d at 496-97; 
Tex. Tool Traders, Inc. v. Mosley Mach. Co.
, 422 S.W.2d 229, 231 (Tex. Civ. App.—Waco 1967, no writ).  

The usual measure of damages for loss of use of injured property is the reasonable cost of renting a replacement, although the owner need not actually rent a substitute or show any amounts actually expended during the period of loss in order to recover.  
Luna v. N. Star Dodge Sales, Inc
., 667 S.W.2d 115, 119 (Tex. 1984); 
City of Austin v. Teague
, 570 S.W.2d 389, 394 (Tex. 1978).
  
Where property is not rentable, the owner may resort to proving the actual worth of use.  
Goose Creek Consol. I.S.D.
, 
74 S.W.3d at 497; 
Gray County Gas Co. v. Oldham
, 238 S.W.2d 596, 599 (Tex. Civ. App.—Amarillo 1951, no writ).

Applying these measures of actual damages to the facts of this case, we conclude that there is some evidence in the record of actual damages but that this evidence is factually insufficient to support the jury’s actual damage award of $105,561.50.  The evidence of property damage caused by SBC’s trespass came from the testimony of Barry Hamil. 
 
Hamil testified that the damage to the eastern tract is indeterminable.  Although he said that the value of this tract had “quintupled” in the last three years, this testimony is speculative because Hamil offered no evidence of the tract’s former value. 

With regard to the western tract, Hamil testified that the phone lines had impacted the marketability of the tract.  However, Hamil presented no evidence showing the value of the tract at the time of the trespass.  
The only evidence in the record of value is Hamil’s testimony that he had sold a utility easement for $2.00 per square foot several years earlier and that he had recently been offered $2.50 per square foot for a similar easement.  
While the totality of Hamil’s testimony may 
constitute some evidence to support an award of actual damages caused by SBC’s trespass,
 it does not establish the property’s value with any reasonable degree of certainty and is too weak to support the jury’s finding that the Hamils’ property was damaged in an amount exceeding $100,000.
(footnote: 3)  

Because we hold that the evidence is factually insufficient to support the amount of damages awarded by the jury, we reverse the trial court’s judgment and remand the entire case for a new trial.
(footnote: 4)  

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; DAY and HOLMAN, JJ.

DELIVERED: August 21, 2003

FOOTNOTES
1:
The Hamils voluntarily dismissed their nuisance claim. 

2:
The jury noted that $89,561.50 of the $105,561.50 constituted damages for SBC’s use of the land, while the remaining $16,000 was for SBC’s negligence and bad faith. 

3:
According to our calculation, Hamil’s testimony that a buyer had been willing to purchase an easement for $2.50 per square foot would only support an award of approximately $45,000.  This approximate figure is derived by multiplying $2.50 per square foot by the 18,110 square feet of the Hamils’ property utilized by SBC.  

4:
Tex. R. App. P. 
44.1(b) (“The court may not order a separate trial solely on unliquidated damages if liability is contested.”).  In light of our holding that the evidence was factually insufficient to support the jury’s damages award, it is not necessary for us to address SBC’s remaining issues or the Hamils’ cross-issue.  
See
 
Tex. R. App. P. 47.1.