**LYLES v. MEYER.    (No. 7745.)**

Court of Civil Appeals of Texas. San Antonio.
March 23, 1927.

**1. Appeal and error ⬳563—Statement of facts filed in case on appeal should have style of case and also nature of paper written on cover.**

Every paper filed in case on appeal, such as a statement of facts, should not only have title of case, but also nature of paper written on cover.

**2. Animals ⬳50(2)—Two elections under provisions applying to hogs, sheep, or goats, and provisions applying to horses, mules, and cattle, may be combined (Rev. St. 1925, arts. 6928–6953).**

Election to determine whether hogs, sheep, or goats should be permitted to run at large in county or subdivision, under Rev. St. 1925, arts. 6928–6953, could be combined with election to determine whether horses, mules, jennets, jacks, and cattle, under chapter 6, should be permitted to run at large.

**3. Trial ⬳252(4)—There being no evidence of waiver on part of owner of mules as to requirements under statute relating to animals running at large, no such question should have been interpolated in case through charge.**

Where there was no evidence of any waiver on part of owner of mules, found running at large in defendant's field and taken into his possession, as to any requirements of statute, no such question should have been interpolated in the case through charge.

**4. Animals ⬳51—Owner's threat to institute suit to obtain possession of animals did not justify holding them without complying with law (Rev. St. 1925, art. 6967).**

That owner of mules threatened to institute suit to obtain possession of them from defendant, who found them in his field, did not justify defendant in holding them without complying with Rev. St. 1925, art. 6967, in regard to procuring from justice of peace appointment of freeholders to assess fees and damages.

**5. Animals ⬳51—One violating law in holding stock had no right to recover either fees or damages (Rev. St. 1925, art. 6967).**

Where defendant violated law in holding plaintiff's mules, he had no right to recover either fees or damages, under Rev. St. 1925, art. 6967).

**6. Animals ⬳51—Owner held entitled to some damages for unlawful detention of animals.**

Where plaintiff's mules went into defendant's field and were taken up by him and confined for three days, plaintiff held entitled to at least slight damages for unlawful detention.

Error from Cameron County Court; Oscar C. Dancy, Judge.

Action by W. W. Lyles against Henry Meyer, in which defendant filed cross-action. Judgment for defendant and plaintiff brings error. Reversed and remanded.

Rabel & Hornaday, of Harlingen, for plaintiff in error.

Myrick & Coursey, of Harlingen, for defendant in error.

FLY, C. J. Appellant sought to recover damages from appellee, resulting from the unlawful taking in possession and withholding by appellee from appellant, for three days, four mules. The damages were laid in the sum of $660. The cause was submitted to a jury on a general charge and a verdict

returned against appellant and in favor of appellee for $9 on a cross-action filed by him.

[1] After searching through numerous typewritten briefs, all with the same blue-colored wrappers, the court discovered a paper, in the same blue cover as the briefs, with no indorsement on it to indicate its character or import, which on investigation proved to be a statement of facts. Every paper filed in a case should not only have the style of the case, but the nature of the paper written on the cover, and not place the burden on the appellate court of discovering any necessary paper filed in the record. The habit of not indorsing papers, by attorneys, has become very prevalent since typewritten briefs of any length desired have been permitted by the Legislature, and much unnecessary trouble and labor have been placed on appellate courts. The growing tendency should be checked, and will be, even though drastic measures should become necessary.

[2] The statement of facts shows that the mules belonging to plaintiff in error went into the field of defendant in error and were taken up by him and confined from Monday morning until they were taken from him by writ of sequestration on Wednesday. There was no testimony as to the Stock Law having been adopted, and in the admission as to the law it is stated that it was not admitted that it had been pleaded and proved that the law was in existence in the stock district in which the farms were situated. It is admitted that all the legal requirements had been alleged in the answer of defendant in error, but that the allegations showed that the election included hogs, sheep, and goats as well as horses, mules, jacks, jennets, and cattle, and that the inclusion of all of them together rendered the election invalid. The answer was attacked on this ground through a special exception which was overruled.

The provisions as to preventing hogs, sheep, and goats from running at large are contained in chapter 5, while those applying to horses, mules, jacks, jennets, and cattle are set forth in chapter 6 of the Stock Law. In most respects they contain the same requirements, and in article 6943 of chapter 5, injury to trespassing horses, mules, jennets, jacks, and cattle are legislated against; hogs, sheep, and goats not being mentioned. Article 6944 returns to the latter animals. Chapter 5 requires a petition of 20 freeholders to obtain an election in a subdivision of a county, while chapter 6 requires 50 freeholders. The two chapters were enacted at different times. We see no reason why the two elections provided for could not be combined so as to permit the freeholders to express their desires as to all classes of stock mentioned in the two chapters.

We think the Stock Law as to the mules

was in effect in the district, and consequently defendant in error had the right to impound the mules when found on his farm and make the statutory charge of 25 cents per day for each mule, when properly assessed by three disinterested freeholders, as well as the damages done by the stock. Rev. Stats. 1925, art. 6967.

[3-5] There was no evidence of any waiver upon the part of the owner of the mules as to any requirements of the statute, and no such question should have been interpolated in the case through the charge. The fact that plaintiff in error threatened to institute suit to obtain possession of his property did not justify defendant in error in holding the property without complying with the law in regard to procuring from a justice of the peace the appointment of the freeholders to assess the fees and damages. The mules were sequestered on the third day of their detention by defendant in error, and he at that time had taken no steps to comply with the provisions of article 6967. He violated the law in holding the stock, and had no right to recover either fees or damages.

[6] Under the evidence plaintiff in error was entitled to at least slight damages for the unlawful detention of his mules, and the verdict denying him any damages was contrary to the evidence.

The judgment is reversed and the cause remanded.