

Joe J. Fisher, of Jasper, and McAlister & Tucker, of Nacogdoches, for appellants.

Drew S. Davis, of San Augustine, for appellees.

## CONNER et al. v. PARKER et al.

### No. 4238.

Court of Civil Appeals of Texas. Beaumont.

June 15, 1944.

COE, Chief Justice.

Mrs. Judith Parker, doing business as City Grocery Company, joined by her husband, Sam Parker, and F. K. Parker, hereinafter called appellees, brought suit in the County Court of San Augustine County against J. W. Conner and W. H. Addison, hereinafter called appellants, seeking a judgment for four head of cattle, of the alleged value of $400, which had been impounded by W. H. Addison. The defendants answered by general demurrer and general denial, and the defendant W. H. Addison filed cross-action against appellees, seeking damages for destruction of his cotton, corn and peas by plaintiffs' cattle. From a judgment of the court, without the intervention of a jury, in favor of plaintiffs for the four head of cattle impounded by the defendant Addison, and against the defendant Addison on his cross-action for damages, and against the defendants, J. W. Conner and W. H. Addison, as principals, and R. L. Baggett and T. Hanzel, as sureties, on replevy bond executed in said cause for the valuation of $125 per head for each head of cattle not delivered back to the plaintiffs, this appeal has been prosecuted.

Appellees suggest in their brief that this court has no jurisdiction of this cause for the reason that no motion for a new trial was made, and no notice of appeal was given during the term of the court at which this case was tried. Upon an investigation of the record, we find from the caption that this case was tried at a term of the county court beginning on the 22nd day of November, A. D. 1943, and ending on the ――― day of February, A. D. 1944. Judgment was entered in this cause on the

874

9th day of December, 1943, and motion for new trial was filed on the 14th day of December, 1943, and was overruled on the 18th day of December, 1943, at which time notice of appeal was given, as reflected by the order overruling the motion for a new trial. Therefore, it affirmatively appears from the record that notice of appeal was given during the term at which this case was tried, and therefore this court has jurisdiction of the appeal.

Appellants present one proposition for a reversal of this cause, such proposition being in substance as follows: That it was error for the trial court, after both sides had presented all of their evidence and, while the court had the matter under advisement, to go upon the premises and view a fence, the sufficiency of which was a very material issue and about which the evidence was sharply conflicting.

▮ It appears from the evidence that appellant, W. H. Addison, was cultivating certain land which was enclosed, together with lands cultivated by another, by one fence, and that appellees' cattle went upon his cultivated land during the period of time from August 19, 1943, to August 29, 1943, causing damage to his growing crops of cotton, corn and peas. It was admitted by both sides that there was no existing stock law for cattle in San Augustine County, Texas, and that appellees were entitled to the possession of the four head of cattle impounded by appellants. Therefore, the appellant, W. H. Addison, was forced to rely upon his common law action for damages resulting from the trespass of cattle of appellees, and had the burden upon him of proving that his growing crops were protected by a good and lawful fence, one sufficient to restrain cattle of ordinary disposition. The evidence was sharply conflicting as to the condition of the north fence enclosing appellant's crops, this being the fence through which appellees' cattle went in order to get upon appellant Addison's cultivated field.

After both sides had closed their evidence, on Monday, December 6, 1943, and while the trial judge had the matter under advisement, on Wednesday morning, December 8, 1943, he, the presiding judge, in company with the county clerk of San Augustine County, Texas, went to the cultivated field of the appellant Addison and viewed and examined the north fence enclosing his crops. After making such examination, he remarked that "it did not

make any difference who owned the fence he could say that it was not any good." The trial judge, in allowing appellants' bill of exceptions, stated in substance that the investigation made by him influenced him in reaching the opinion that said fence was not a good and sufficient and lawful fence, and one capable of restraining cattle of ordinary disposition, and thereby influenced him in finding against appellant Addison on his cross action for damages.

Where the object in question cannot be produced in court because it is immovable or inconvenient to remove, the proceedings where the tribunal goes to the object in its place and there observes it was known to the common law as "view" and has been recognized since the beginning of jury trials. See Wigmore on Evidence, 2nd Ed., Sec. 1162. This practice of allowing the jury to examine or view the premises or property concerning which the controversy exists was prohibited in this state by the Act of May 13, 1846. See Woodrum Truck Lines v. Bailey, Tex.Com.App., 57 S.W.2d 92, and cases there cited.

▮▮ Article 2176, Vernon's Civil Statutes, provides: "The rules governing the trial of causes before a jury shall govern in trials by the court in so far as applicable." It is the settled law in this state that the jury is unauthorized to resort to the proceeding of "view", as a mode of enlightening itself as to the material facts of a case which it is trying. And in view of Article 2176, supra, we are of the opinion that the rule would apply to the trial court, when he is the trier of the facts, the same as to a jury. It is true that rules applicable on trial to a jury are not so strictly observed with respect to improper admission of testimony where a trial is before the court, yet it is reversible error in a trial before the court to admit improper testimony if it appears that such testimony influenced the court in its opinion. See D'Arrigo v. Texas Produce Co., Tex.Civ. App., 31 S.W. 713. The trial court no doubt was making an honest effort to ascertain the true facts relative to the condition of the fence in question. A jury might have desired to do the same thing, yet had it done so it would without doubt have been reversible error.

Since the trial court was influenced by such examination and view in finding against the appellant Addison on his cross action for damages, we are of the opinion that such conduct on his part was reversible

error and the trial court should have granted appellants' motion for a new trial. Because of such error, this cause is reversed and remanded.