Tom S. BRITE, Appellant,

v.

Randolph PFEIL, Appellee.

No. 13576.

Court of Civil Appeals of Texas.

San Antonio.

April 6, 1960.

J. Taylor Brite, Jourdanton, for appellant.

L. Sanborn McDowell, Floresville, for appellee.

POPE, Justice.

Tom S. Brite sued Randolph Pfeil in the Justice Court of Wilson County for the possession of a calf. After pending for more than three years, the case was tried and judgment rendered that Brite owed Pfeil $70.00 for the expense of caring for the calf, now a cow, and that Pfeil could hold the animal until he was paid. Brite appealed to the County Court, where, upon a jury trial, judgment was rendered that Pfeil should recover $100.00, and that he had an equitable lien which entitled him to hold possession. After the appeal to the County Court, Pfeil cross-acted against Brite for malicious prosecution, since Brite had filed criminal charges against him. On this new action the County Court also rendered judgment against Brite for $400.-00. Brite has appealed.

The legal questions for our determination are: (1) Was Pfeil entitled to hold possession of the animal on the mere claim of an equitable lien? (2) If not, were the special issues submitted to the jury improperly submitted in permitting the jury to decide Pfeil's right of possession? (3) Did the County Court have jurisdiction at all over a malicious prosecution action in excess of $200.00, which was filed after the appeal from the Justice Court?

Tom S. Brite on October 11, 1955, bought a calf for eight dollars at the Floresville auction. He tied the calf and put it in his pick-up truck and started toward Pleasanton. After he had gone about three miles he discovered the calf was missing. He searched for but did not find the calf. He learned that Randolph Pfeil had found the calf and had it at his home. On October 22, 1955, Brite went to the Pfeil house and asked for the return of the calf. Pfeil in the meantime had purchased medicine and had cared for the calf which had suffered injuries in a fall from the pick-up truck. He demanded eleven dollars for the surrender of the calf. They could not agree on the expenses that should be paid Pfeil, and thereafter Brite, over a period of three years, made demands upon Pfeil to return the animal, which Pfeil refused unless Brite met his demands for payment of his expenses, which increased as time passed.

 Certain statutes permit one to take up stock forbidden to run at large, impound them and hold possession and collect fees and damages, but the steps precedent to the collection of the fees and damages must be carefully followed. Arts. 6966, 6967, Vernon's Ann.Civ.Stats.; Lyles v. Meyer, Tex.Civ.App., 293 S.W. 295. Pfeil is unable to and does not try to hold possession under these statutory rules. By agreement of the parties, Wilson County did not have a stock law and hence it was permissible for livestock to run at large. Clarendon Land Inv. & Agency Co. v. McClelland, 89 Tex. 483, 34 S.W. 98, 31 L.R.A. 669; Molton v. Young, Tex.Civ. App., 204 S.W.2d 636; Conner v. Parker, Tex.Civ.App., 181 S.W.2d 873. He did not, and under the facts of this case could not, claim under the estray statutes, Arts. 6911–6927, Vernon's Ann.Civ.Stats. His sole claim is that he earned an equitable lien by doctoring and caring for the calf.

 We have found no Texas authority which entitles one to hold another's livestock upon the basis of a mere equitable lien. In fact, it is said to be settled that one who feeds or cares for an animal, even as an agistor, has no lien for his charges independent of statute or special agreement. 2 Am.Jur., Animals, § 22. One who takes up livestock, other than in compliance with the statutes, and who knows the owner, can assert no lien, and if he does hold possession under such an assertion he is a wrongdoer. Moore v. Hensley, 189 Mo.App. 326, 175 S.W. 91. Ordinarily, even though there be an equitable lien, the right of possession will remain with the debtor. Ward v. McKenzie, 33 Tex. 297, 317; Osburn v. Smart, Tex.Civ. App., 58 S.W.2d 1073, 1076; 53 C.J.S. Liens § 8; 37 C.J., Liens, § 34; 33 Am.

Jur., Liens, § 18. Brite, therefore, was entitled to possession of his calf upon demand.

■ Whether Pfeil had an equitable lien and whether an equitable lien carries with it the right of possession were law questions. Nevertheless, the County Court permitted the jury to determine as a fact whether Brite or Pfeil was entitled to possession. In doing this the court submitted a question of law to the jury. Gulf States Equipment Co. v. Toombs, Tex.Civ. App., 288 S.W.2d 203. Brite filed the suit for damages for Pfeil's detaining his animal. As a matter of law, Pfeil was not entitled to the possession after Brite's demand on October 22, 1955. However, the jury was erroneously permitted to decide that Pfeil was entitled to hold the animal until the time of trial in 1959, and therefore to deny Brite any damages. Lyles v. Meyer, Tex.Civ.App., 293 S.W. 295.

■■ On Pfeil's cross-action for damages for the care and feeding of the animal, the jury awarded Pfeil $100.00. Here too the jury was permitted to decide who was entitled to the possession up to the time of trial. The jury erroneously found that Pfeil was entitled to hold possession from October 11, 1955, until the time of trial in 1959, and then awarded Pfeil $100.00 damages for the care of the animal over that period of time. A correct issue would have inquired as to the amount of money, if any, that Pfeil was entitled to for his care and feeding of the animal from October 11, 1955 to October 22, 1955. That was the only period under any theory that Pfeil held lawful possession of the calf. Chief Justice Fly went further in Lyle v. Meyer, supra, and stated that one who fails to comply with the law in holding livestock, forfeits his right to recover either fees or damages. Under that principle, and the fact that Pfeil unlawfully withheld possession of the animal from Brite after October 22, 1955, he forfeited his rights of recovery. The doctrine of trespass ab initio is followed in Texas, and though the original possession of the calf was a lawful possession, his unlawful detention of the animal after demand made it an unlawful trespass from the beginning. Humphreys Oil Co. v. Liles, Tex.Civ.App., 262 S.W. 1058, affirmed, Tex.Com.App., 277 S.W. 100, 103; American Mortgage Corp. v. Wyman, Tex.Civ.App., 41 S.W.2d 270, 273; Lyles v. Meyer, supra; 41-A Tex.Jur., Trespass, § 6. Brite, therefore, was entitled to an issue to determine his damages from and after October 11, 1955.

■ The other important point on this appeal is not raised by the parties, but it is apparent from the record that the County Court did not have jurisdiction over the malicious prosecution action at all. The case originated in the Justice Court and reached the County Court by appeal. On appeal, Pfeil injected a new claim into the case by way of a cross-action, seeking $750.00 damages for malicious prosecution. This was prompted by a complaint for cattle theft made by Brite against Pfeil on which Pfeil was "no billed." The cross-action exceeds the monetary limit on the jurisdiction of a Justice Court which is $200.00. On appeal to the County Court, the pleadings may not be amended so as to introduce an action beyond the jurisdiction of the Justice Court, and hence the proceedings with respect to the malicious prosecution cross-action were void. Ray v. City of Fort Worth, Tex.Civ.App., 284 S. W.2d 930; Stanley v. Hicks, Tex.Civ. App., 272 S.W.2d 917.

We conclude, therefore, that Brite is entitled to the possession of the calf, and Pfeil's detention of possession after demand constituted the possession a trespass ab initio. The action for malicious prosecution was beyond the jurisdiction of the court and that part of the judgment is void. For a correct submission of the issue to determine the damages to Brite for detention of the calf after October 11, 1955, the judgment is reversed and remanded for trial in accord with this opinion.

Reversed and remanded.