Raymond R. WILLIAMS, Appellant,

v.

Wesley H. GARNETT, Jr., Appellee.

No. 6171.

Court of Civil Appeals of Texas, Waco.

Nov. 6, 1980.

William P. Remington, Remington & Goodman, Arlington, for appellant.

James O. Terrell, Kennedy, Davis & Terrell, Waco, for appellee.

HALL, Justice.

On August 18, 1978, plaintiff Wesley H. Garnett, Jr., executed an earnest money contract with defendant Raymond R. Williams under which plaintiff and his wife agreed to sell, and defendant and his wife agreed to buy a house and three lots located in the City of Robinson, in McLennan County, for the total price of $47,135.93, payable as follows: $12,000.00 cash to plaintiff by defendant, and defendant's assumption of the unpaid balance of a promissory note in the amount of $35,135.93 owed by plaintiff on the property to a local savings and loan association. The note was payable in monthly installments of $395.00. The contract also called for an earnest money deposit by defendant of $500.00. Defendant and his wife and their school–aged children were living in the City of Arlington at the time of the execution of the contract. Since the beginning of the new school year was imminent, defendant and his wife desired immediate possession of the property. Accordingly, provision was made in the contract that defendant would have possession "immediately with purchaser making September 1, 1978 payment" on the note. The contract further provided that the sale would be closed "on or before September 10, 1978 or within 7 days after objections to title have been cured, whichever date is later." The contract also contained this provision: "16. DEFAULT: If Buyer fails to comply herewith, Seller may either enforce specific performance or receive the Earnest Money as liquidated damages."

Defendant took possession of the property immediately upon execution of the contract on August 18, 1978; and he and his family moved into the house a few days later. They remained in possession until March 22, 1979.

Plaintiff is a veterinarian. Defendant is a registered public surveyor. At all pertinent times, plaintiff and his family were residing in an apartment in the City of Laredo. This transaction was handled on behalf of plaintiff by his real estate agent, Roger Wilson. On September 6, 1978, defendant procured the abstract of title to the property from Wilson. The abstract reflected a recorded and unreleased personal judgment against plaintiff in favor of Pfizer, Inc., a drug company, in the amount of $23,693.70. Defendant, representing himself in the examination of the abstract, took the position that the recorded judgment constituted a lien against the property and clouded the title. It was Wilson's position on behalf of plaintiff that the property was plaintiff's homestead and that the judgment did not prevent delivery of merchantable title. Wilson testified on the trial that notwithstanding plaintiff's position on the title question, he (representing plaintiff) and defendant orally agreed in September, 1978, that plaintiff would immediately file suit against Pfizer for removal of the cloud claimed by defendant, that defendant would make the monthly payments on the note to the savings and loan association until judgment was secured removing the cloud, and that the sale would then be closed. Defendant denied making this agreement. Wilson also testified that he told defendant the suit would take several months. The record shows that the suit was filed by plaintiff and his wife against Pfizer, and that judgment was rendered in plaintiff's favor removing the cloud on March 23, 1979, the day after defendant moved from the property.

The earnest money deposit of $500.00 was made timely by defendant to the escrow agent. However, when defendant picked up the abstract of title from Wilson on September 6, 1978, he had not made the note payment due on September 1st. Wilson demanded that defendant make the payment. Thereafter, prior to September 26th (the exact date is not shown in the evidence) defendant paid $395.00, representing the September 1st payment, to the escrow agent rather than to the savings and loan association. It is undisputed that with that exception defendant never made any of the note payments to anyone, and that all payments due to the savings and loan association while defendant and his family were in possession of the property were paid by plaintiff to avoid the problems of delinquency. There is evidence, supported in part by defendant's testimony, that Wilson began demanding in October, 1978, and continued demanding throughout the period in question, that defendant either make the monthly note payments or move from the property so that it could be replaced on the market, and that defendant refused to do either.

On March 5, 1979, without notice to plaintiff or anyone on his behalf, defendant contacted the escrow agent and withdrew the $500.00 earnest money deposit and the $395.00 representing the September 1, 1978 note payment he had deposited with the escrow agent. The evidence inferentially shows that defendant took this action after he had procured new employment in the City of Arlington and had determined to move to Arlington. Plaintiff learned of defendant's withdrawal of the escrow deposits in time to bring about a stop–payment order on the escrow agent's check to defendant. Plaintiff then filed a forcible entry and detainer action to evict defendant from the property. Defendant began moving his family to Arlington on March 15, 1979; and, as previously stated, he finally vacated the premises in question on March 22nd. Plaintiff later sold the property, in May, 1979, but for less profit than he would have made under the sale to defendant.

Plaintiff brought this suit for damages allegedly suffered by him as the result of his dealings with defendant. He pleaded inter alia the written contract of sale, and the subsequent oral modification under which defendant allegedly agreed to make

the note payments to the savings and loan company while plaintiff cured defendant's title complaint, and that defendant breached both agreements. He alleged: "Subsequent to Defendant's breach of said Contract, Plaintiff made numerous requests upon Defendant that Defendant vacate the above described premises. Defendant occupied and used such premises under such unlawful possession for [the] period from August 18, 1978, to March 21, 1979." And he alleged that "In doing the acts hereinabove alleged ... Defendant acted maliciously and with wanton disregard for Plaintiff's rights." Plaintiff pleaded for recovery of the reasonable rental value of the property during the term of defendant's possession together with exemplary damages, the contractual damages, and attorney's fees.

The case was tried to a jury. Answering special issues numbered as follows, the jury made these pertinent findings:

1. Subsequent to August 18, 1978, defendant agreed to make the note payments on the property as they became due.

2. Plaintiff made demand on defendant to vacate the property in October, 1978.

3. Defendant remained in possession of the property until March 22, 1979.

4. Defendant's possession of the property was intentional and willful.

5. The reasonable monthly rental for the property was $400.00.

9. Plaintiff should be awarded $4,000.00 exemplary damages against defendant.

10, 11, 12. The following amounts would reasonably compensate plaintiff's attorney for his services: $1,500.00 for the trial of the case; $1,500.00 for handling an appeal to the Court of Civil Appeals; and $1,500.00 for handling an appeal to the Supreme Court.

Judgment was rendered on the verdict awarding plaintiff damages in the sum of $7,380.24 (representing $500.00 liquidated damages on the contract, $2,880.24 lost rents, and $4,000.00 exemplary damages), and the attorney's fees found by the jury totaling $4,500.00. Defendant brought this appeal on five assignments of error. We affirm the judgment.

As we have previously stated, paragraph 16 of the contract of sale provided that in the event of default by defendant, plaintiff "may either enforce specific performance or receive the [$500.00] Earnest Money as liquidated damages." Defendant excepted to plaintiff's pleadings for lost rentals and exemplary damages and he objected to special issues 4, 5, and 9 on the ground that as a matter of law plaintiff's recovery was limited to $500.00 liquidated damages under paragraph 16 of the contract. The exceptions and objections were overruled. Most of defendant's assignments of error are based on those rulings. We hold the rulings were proper.

■ Under the doctrine of trespass ab initio, recognized in Texas, a person who enters upon real property lawfully pursuant to a conditional or restricted consent and remains after his right to possession terminates and demand is made for his removal becomes a trespasser from the beginning, and the law will then operate retrospectively to defeat all acts done by him under color of lawful authority. *Humphreys Oil Co. v. Liles*, 262 S.W. 1058, 1064 (Tex.Civ.App.–Waco 1924), affirmed 277 S.W. 100 (Tex. Com.App.1925, judgment adopted); *Brite v. Pfeil*, 334 S.W.2d 596, 598 (Tex.Civ.App.–San Antonio 1960, no writ); *American Mortg. Corporation v. Wyman*, 41 S.W.2d 270, 273 (Tex.Civ.App.–Austin 1931, no writ); 56 Tex.Jur.2d 13, Trespass § 4.

■ Loss of rentals is an appropriate measure of damages for the temporary loss of use of land occasioned by a trespass. *Bradley v. McIntyre*, 373 S.W.2d 389, 390 (Tex.Civ.App.–Houston 1963, writ ref'd n. r. e.); *Parker v. McGinnes*, 594 S.W.2d 550, 552 (Tex.Civ.App.–Waco 1980, no writ). Exemplary damages are also recoverable if the trespass was committed maliciously or in wanton disregard of the plaintiff's rights. *Upham Gas Co. v. Smith*, 247

S.W.2d 133, 135 (Tex.Civ.App.–Fort Worth 1952, no writ); 56 Tex.Jur.2d 39, Trespass § 33.

 In our case, plaintiff pleaded the earnest money contract, the modification agreement, defendant's breach of the agreements, that plaintiff thereafter made numerous demands upon defendant to vacate the property, and that defendant "maliciously and with wanton disregard for Plaintiff's rights" continued to occupy and use the premises "under such unlawful possession" for the term in question. These pleadings properly presented plaintiff's actions for breach of contract, trespass, and exemplary damages in connection with the trespass. Other pleadings properly set up plaintiff's claim for attorney's fees, recoverable in connection with the prosecution of his action for breach of contract under the provisions of article 2226, Vernon's Tex. Civ.St.[1] Accordingly the exceptions to the pleadings were correctly overruled. Suffice it to say without further recitation of the proof that the pleadings and the submission to the jury of the special issues in question were supported by legally sufficient evidence. Therefore, defendant's objections to the issues were also properly overruled.

None of defendant's points and contentions reflect error under the record. All are overruled.

The judgment is affirmed.

---

1. Article 2226 permits the recovery of attorney's fees in suits founded on oral or written contracts where the defendant has not tendered the just amount owing within 30 days after plaintiff has presented his claim for payment.