Affirmed in part, Reversed and Remanded in Part, and
Memorandum Opinion filed July 1, 2008.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00657-CV

____________

 

JON RICHARD O=KANE, Appellant

 

V.

 

JEFF COLEMAN, INDIVIDUALLY, AND
ENTERPRISE RENT-A-CAR COMPANY OF TEXAS, INC., Appellees

 



 

On Appeal from the 10th
District Court

Galveston County, Texas

Trial Court Cause No. 05-CV-1113

 



 

M E M O R A N D U M   O P I N I O N








In this case arising from sequential leases of the same
commercial premises, the initial lessee, appellant Jon Richard O=Kane appeals from
a take-nothing summary judgment in favor of the subsequent lessees, appellees
Jeff Coleman, individually, and Enterprise Rent‑A‑Car Company of
Texas, Inc.  We affirm the judgment in favor of appellees on all claims except
O=Kane=s claim under the
Texas Theft Liability Act.  We sever that claim from the remaining claims,
reverse the summary judgment in favor of appellees on O=Kane=s Theft Liability
Act claim, and remand to the trial court. 

I. 
Factual and Procedural Background

In July 2003, O=Kane personally
signed a two-year lease for commercial property in Galveston, with the term to
begin August 1, 2003.  Unless the landlord agreed otherwise in writing, use of
the premises was limited to Aautomobile sales and related services to
automobiles.@  The lease also required O=Kane to Acomply with all
applicable laws or requirements of any governmental entity@ and prohibited O=Kane from allowing
the premises Ato remain vacant for a period of thirty (30) days
without Landlord=s prior written consent except in cases
necessitated by repair, maintenance or alteration.@  Finally, the
lease could not be Amodified or amended in any manner
whatsoever@ except on O=Kane=s and the landlord=s written
agreement.

O=Kane, however, was a convicted felon, and
had not held a dealer=s license from the Texas Department of
Transportation (ATexDOT@) to sell new or
used cars after his license expired.  Instead, to sell cars, he needed to be
employed by a dealership with the proper license; and, in late 2001, he had
associated himself with Pamela Nicar, who subsequently obtained an independent
motor vehicle dealer=s license.  The license, which expired on
July 31, 2004, entitled Nicar, under the name ADiscount
Wholesalers,@ to sell cars at a specific location in Kemah, Texas.








O=Kane understood the Galveston lease
required him to comply with all applicable laws, including TexDOT regulations. 
Motor vehicle dealer=s licenses are specific to a geographic
location, and Nicar=s license permitted her to sell new or
used cars only at the specified Kemah location.[1] 
Nicar did not apply for a dealer=s license specific
to the Galveston premises until August 19, 2003, again under the ADiscount
Wholesalers@ name.  TexDOT denied Discount Wholesalers= application in
September 2003.

Shortly after O=Kane took
possession of the premises, the City of Galveston notified him that a local
ordinance placed a moratorium on his having a car dealership on the property. 
The landlord sought an exception to the moratorium, but the city denied the
request.  The city staff members recommending the denial did Anot anticipate the
continuation of auto sales facilities as a permitted land use within [the
zone].@  Discount
Wholesalers, however, had begun selling cars from the premises in July 2003 and
continued to do so until September 20 or 25, 2003, during which time it sold
approximately one-hundred-fifty cars.

According to O=Kane, a TexDOT
Enforcement Division attorney instructed the Galveston County Tax Office not to
accept any car titles Discount Wholesalers presented for registration.  Without
the registration, customers could not obtain proper title or license plates. 
They soon complained to the authorities, and the Galveston County Auto Crimes
Task Force (the ATask Force@) began an
investigation.  After discovering O=Kane and other
Discount Wholesalers employees were counterfeiting temporary red‑tag
license plates to mollify angry customers, the Task Force sought an arrest
warrant for O=Kane and Nicar on felony forgery charges.

In mid-November 2003, O=Kane and Nicar
fled to Mexico, where O=Kane stayed until September 1, 2004.  A
Task Force sergeant observed that, as of October 21, 2003, A[t]here were no
vehicles . . . for sale located on the premise[s].  The business was empty
except for desks, computers, and filing cabinets.@








On January 23, 2004, Coleman and Enterprise Rent-A-Car signed
a lease for the premises.  The lease provided in part:

Landlord represents and warrants to Tenant that all
of the following are true as of the Lease Date and shall be true as of the
Commencement Date:

(a) Landlord is the free owner of the Premises and has
full right and lawful authority to execute this Lease and perform the
obligations of Landlord herein contained without the consent or joinder of any
other party . . . .

 

In July 2005, O=Kane sued the
landlord alleging he Aentered [O=Kane=s] dealership, and
removed thousands of dollars in value of [O=Kane=s] personal
property, and thereby stole [O=Kane=s] Property.@  O=Kane claimed the
landlord Akept in excess of $40,000 worth of his property locked
inside his dealership,@ and Ain or about
JanuaryBFebruary 2004@ the landlord Aassisted in the
burglary of [O=Kane=s] business establishment in conjunction
with Pamela Nicar, by permitting this person to pay a locksmith to make a key
to the facility, enter, and remove property . . . .@

In August 2005, O=Kane sued Coleman
and Enterprise Rent-A-Car.  In his first amended petition, he alleged civil
conspiracy, aiding and abetting tortious interference with existing and future
business relations and contracts, negligence, gross negligence, theft based on
the illegal removal of O=Kane=s personal
property from inside O=Kane=s locked business
establishment, unlawful enrichment, unfair competition, trespass to real
property, intrusion on seclusion, conversion, deliberate failure to act, and
intentional infliction of emotional stress.  He also stated he was pleading
under the doctrine of res ipsa loquitor.  In essence, O=Kane=s theories were
(1) appellees Coleman and Enterprise Rent-A-Car had interfered with his
business relationships by virtue of leasing the premises and conducting business
there and (2) while O=Kane was in Mexico, appellees had stolen
the remainder of O=Kane=s personal
property not previously taken by Nicar and the landlord.








On February 17, 2006, appellees moved for summary judgment
on each of O=Kane=s claims.  Appellees set the motion for
submission on May 2, 2006.  On April 26, 2006, O=Kane filed his
response to the motion; objections to, and a motion to strike, appellees=s summary judgment
proof; a second amended petition; and a AMotion For The
Court To Hold A Status Conference Hearing And Set A Docket Control Order And
Outline The Discovery Timetable.@  Nothing in the
record indicates O=Kane sought or received leave to file his
second amended petition or his response and summary judgment proof.[2]

The same day, O=Kane filed a
motion for continuance, stating that he did Anot currently
retain the Evidence [sic] to prove his case,@ and seeking an
additional ninety days to conduct discovery.  In his motion and affidavit in
support, O=Kane represented that, during the second burglary,
appellees stole the records he needed to prove his case and failed to produce
this evidence in discovery.  In addition to claiming that appellees stole these
documents, O=Kane claimed appellees stole property Ain excess of
$12,000 in value.@

On May 10, 2006, the district court entered written orders
denying O=Kane=s (1) objections to, and motion to strike,
appellees= summary judgment evidence, and (2) motion for
continuance to conduct additional discovery.  The same day, the court also
granted appellees= motion for summary judgment.  O=Kane then moved
for a new trial.  Appellees responded and moved to strike O=Kane=s second amended
petition.  The district court denied O=Kane=s motion for new
trial on August 16, 2006, and O=Kane appealed.

Analysis
of the Issues








Although O=Kane raises eight issues on appeal, they
essentially reduce to the following four:  (1) whether the trial court
erroneously granted summary judgment with prejudice on all his claims when,
after appellees filed their motion for summary judgment, O=Kane filed an
amended petition adding claims (issue one); (2) whether the trial court abused
its discretion when it denied his first motion for continuance (issue two); (3)
whether the trial court abused its discretion in overruling his objections to
appellees= summary judgment proof (issue three); and (4) whether
the trial court erroneously granted summary judgment against him on his claims
for theft and tortious interference with contract (issues four through eight). 
We address these issues below.[3]

1.       Summary
Judgment in Relation to O=Kane=s Second Amended
Petition

In issue one, O=Kane contends:

[T]he trial court committed reversible and/or remand‑able [sic]
error by abusing its discretion in dismissing Appellant=s new claims and entering a final
appealable order when Appellant=s new claims were brought by Appellant filing an amended petition after
Appellees filed their Motion for Summary Judgment but before the trial court
entertained the motion, and ergo, the trial court incongruously dismissed
Appellant=s new claims that were not
encapsulated or addressed in the Appellees= Motion for Summary Judgment or by the Court and the
Appellees never responded or answered to the new claims and the Appellant was
unassailably prejudiced thereby.

 

The summary judgment was set for submission on May 2,
2006.  O=Kane filed his
second amended petition on April 26, 2006, six days before the May 2 submission
date.  There is nothing in the record from which this court can conclude O=Kane requested or
received leave of the court to file his second amended petition.

Texas Rule of Civil Procedure 63 provides in part:

[A]any pleading . . . offered for filing within
seven days of the date of trial or thereafter, or after such time as may be
ordered by the judge under Rule 166, shall be filed only after leave of the
judge is obtained, which leave shall be granted by the judge unless there is a
showing that such filing will operate as a surprise to the opposite party.

 








Tex. R. Civ. P. 63.  A summary judgment proceeding is a
trial within the meaning of this rule.  Goswami v. Metro. Sav. and Loan,
751 S.W.2d 487, 490 (Tex. 1988).  Nevertheless, under the supreme court=s holding in Goswami,
we must presume the trial court granted leave to file a late pleading even
though the filer failed to request leave when:  (1) the record fails to show
the trial court did not consider the amended pleading, and (2) there is not a
sufficient showing of surprise or prejudice on the part of the opposing party. 
Wilson v. Korthauer, 21 S.W.3d 573, 578 (Tex. App.CHouston [14th
Dist.] 2000, pet. denied); see Goswami, 751 S.W.2d at 490.  Both of
these negatively stated factors are present in the instant case.  For the
reasons set forth in Goswami, we presume the trial court granted O=Kane leave to file
his second amended petition.

A party may not be granted judgment as a matter of law on a
cause of action not addressed in a summary judgment proceeding.  Espeche v.
Ritzell, 123 S.W.3d 657, 664 (Tex. App.CHouston [14th]
Dist. 2003, pet. denied) (citing Chessher v. Sw. Bell Tel. Co., 658
S.W.2d 563, 564 (Tex. 1983)).  Thus, when a plaintiff, in his amended petition,
asserts a new cause of action based on facts not alleged in the original
petition, a court cannot say the defendant=s motion for
summary judgment contemplated and embraced the additional claim in the amended
petition. Id.  If, however, a motion for summary judgment is
sufficiently broad to encompass later‑filed claims, the movant need not
amend its motion.  Id.; see Wilson, 21 S.W.3d at 579.  For
example, summary judgment is proper when a defendant has conclusively disproved
an element central to all causes of action or an unaddressed cause of action
derivative of the addressed causes of action.  See Dubose v. Worker=s Med., P.A., 117 S.W.3d 916,
922 (Tex. App.CHouston [14th Dist.] 2003, no pet.). 








O=Kane does not direct this court to newly
alleged material facts in his second amended petition, and we have found none. 
He contends only that he added Anew causes of action@ for AConcert of Action,
Aiding and Abetting, liability under the Texas Theft Liability Act, and under
the doctrine of Trespass ab Initio.@  We conclude
appellees= summary judgment motion, addressed as it was to the
causes of action alleged in O=Kane=s first amended
petition, was sufficiently broad to encompass the additional allegations with
the exception of the Theft Liability Act claim.

Concert of action.  It is questionable whether Texas law
recognizes a concert of action theory of liability.  See Juhl v. Airington,
936 S.W.2d 640, 643 (Tex. 1996).  Moreover, as the Juhl court explained,
concert of action Arequires at least a tacit agreement to
participate in some tortious act, done in furtherance of a common goal or plan,
and which causes injury. . . .  This has common elements with common law civil
conspiracy, long a recognized tort in this state.@  Id. at
643B44.

O=Kane alleged civil conspiracy in his first
amended petition.  In their summary judgment motion, appellees contended the
summary judgment proof negated the causation and meeting-of-the-mind elements
of civil conspiracy.  Assuming without deciding Texas recognizes concert of
action, we conclude appellees= summary judgment motion was sufficiently
broad to encompass that claim.








Aiding and abetting.  In addition to alleging civil conspiracy
in his first amended petition, O=Kane also alleged
aiding and abetting tortious interference with existing and future business
relations and contracts.  O=Kane does not cite any Texas law
recognizing aiding and abetting as a cause of action separate from conspiracy
or separate from the underlying wrongful act, and we have found none.  See
Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co., 51 S.W.3d 573, 583
n.7 (Tex. 2001) (because of disposition of case, not considering whether Texas
law recognizes cause of action for Aaiding and
abetting@ fraud separate
and apart from a conspiracy claim).  In their summary judgment motion,
appellees contended that the summary judgment proof conclusively (1) negated
the causation and meeting-of-the-mind elements of civil conspiracy, (2) negated
the causation and interference elements of tortious interference with contract,
and (3) established the affirmative defense of privilege to the tortious
interference claim.  We conclude appellees= summary judgment
motion was sufficiently broad to encompass O=Kane=s theory of aiding
and abetting.

Trespass ab initio.  In his first amended petition, O=Kane alleged
trespass to real property.  Trespass ab initio merely refers to the doctrine
that a person who enters on real property lawfully pursuant to conditional or
restricted consent, but remains after his right to possession terminates and
demand is made for his removal, becomes a trespasser from the beginning; the
law then operates retrospectively to defeat all acts he did under color of
lawful authority.  Williams v. Garnett, 608 S.W.2d 794, 797 (Tex. Civ.
App.CWaco 1980, no
writ).  In their summary judgment motion, appellees contended the summary
judgment proof conclusively negated the elements of (1) causation and (2) O=Kane=s lawful right to
possess the premises at the time appellees entered the property.  They also
argued the summary judgment proof established their justification to enter
based on the landlord=s consent.  We conclude appellees= summary judgment
motion was sufficiently broad to encompass O=Kane=s theory of
trespass ab initio.

 Liability under the Texas Theft Liability Act.   In his first
amended petition, O=Kane alleged conversion.  In their summary
judgment motion, appellees argued the summary judgment proof conclusively
negated the causation element in relation to conversion, but the proof on which
appellees relied related to the business failure of Discount Wholesalers, not
to O=Kane=s alleged loss of
his personal property.

In his first amended petition, O=Kane also claimed
theft based on the alleged illegal removal of his personal property from inside
his locked business establishment.  The appellees responded to this allegation
solely on the ground that O=Kane was apparently anchoring his claim to
Civil Practice and Remedies Code section 33.001 to 33.003, and these sections
do not create an independent cause of action.  See Tex. Civ. Prac. & Rem. Code '' 33.001B003 (setting forth
rules governing proportionate responsibility).  The appellees did not otherwise
address O=Kane=s theft allegation.








Under the Texas Theft Liability Act, A>Theft= means unlawfully
appropriating property . . . as described by Section 31.03 . . . Penal Code.@  Tex. Civ. Prac. & Rem. Code  ' 134.002(2). 
Under Penal Code section 31.03, a person commits theft Aif he unlawfully
appropriates property with intent to deprive the owner of property. . . . 
Appropriation of property is unlawful if (1) it is without the owner=s effective
consent; [or] (2) the property is stolen and the actor appropriates the
property knowing it was stolen by another . . . .@  Tex. Penal Code ' 31.03(a)B(b).  Appellees= summary judgment
argument and proof did not address any of these elements or establish any
defense to O=Kane=s Theft Liability Act claim.  We conclude
appellees= summary judgment motion did not encompass O=Kane=s Theft Liability
Act claim.

To summarize, we conclude appellees= summary judgment
motion was sufficiently broad to encompass O=Kane=s claims or
theories of concert of action, aiding and abetting, and trespass ab initio.  We
therefore overrule his first issue relative to those claims or theories.  But,
we conclude appellees= summary judgment motion was not
sufficiently broad to encompass O=Kane=s claim under the
Texas Theft Liability Act.  We therefore sustain his first issue solely as it
relates to that claim.

2.       Denial of
O=Kane=s Motion for
Continuance

In issue two, O=Kane contends:

[T]he trial court committed reversible and/or remand‑able [sic]
error by abusing its discretion in denying [O=Kane=s] First Motion for Continuance because [O=Kane] meet [sic] all the necessary
prongs in his First Motion for Continuance to entitle him to a continuance and
[O=Kane=s] sworn facts mandating a continuance were
uncontroverted the trial court did not retain discretion to reject [O=Kane=s] sworn facts and deny the Motion for Continuance
and [O=Kane] was undeniably prejudiced
thereby.

 








The trial court=s denial of the
motion for continuance is subject to a clear-abuse-of-discretion standard of
review.  Joe v. Two Thirty Nine Joint Venture, 145 S.W.3d 150, 161 (Tex.
2004). A court abuses its discretion if it reaches a decision so arbitrary and
unreasonable as to amount to a clear and prejudicial error of law.  Id. 
A nonexclusive list of factors we consider in deciding whether a court has
abused its discretion in denying a motion for continuance to conduct further
discovery includes (1) the length of time the case has been on file, (2) the materiality
and purpose of the discovery sought, and (3) whether the party seeking the
continuance has exercised due diligence to obtain the discovery sought.  Id.

When O=Kane filed his motion for continuance, the
case had been on file for over eight months, and appellees= summary judgment
motion had been on file for over two months.  Additionally, O=Kane received
thirty-nine days= notice of the summary judgment hearing. 
When a party has received the twenty-one days= notice required
by Texas Rule of Civil Procedure 166a(c) for a traditional motion for summary
judgment, the trial court generally does not abuse its discretion in denying a
motion for continuance.  Carter v. MacFadyen, 93 S.W.3d 307, 310 (Tex.
App.CHouston [14th
Dist.] 2002, pet. denied). 

In his supporting affidavit, O=Kane set forth a
list of fifteen assertions he believed the evidence he sought would establish. 
He did not, however, describe the evidence itself or further explain its
materiality.  See id. (AA party seeking more time to oppose a
summary judgment must file an affidavit describing the evidence sought,
explaining its materiality, and showing the due diligence used to obtain the
evidence.@); Lee v. Haynes & Boone, L.L.P., 129
S.W.3d 192, 198 (Tex. App.CDallas 2004, pet. denied) (observing party
requesting continuance had not provided any specifics about what documents she
anticipated).








Finally, O=Kane merely represented that he had been
diligent in his discovery requests and appellees wrongfully objected to, and
denied, those requests.[4] 
O=Kane did not
specify when he had requested discovery, what he had requested, or what he had
been denied.  He did not aver he had filed a motion to compel discovery.  See
BMC Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 800B01 (Tex. 2002)
(holding no abuse of discretion in denial of motion to continue special
appearance hearing when, among other matters, record did not reveal party had
ever filed a motion to compel or otherwise attempted to obtain any discovery
not provided).

We conclude the trial court did not clearly abuse its
discretion when it denied O=Kane=s motion for
continuance.[5] 
We therefore overrule O=Kane=s second issue.

3.       Denial of
O=Kane=s Objections to
Appellees= Summary Judgment Proof

In issue three, O=Kane contends:

[T]he trial court committed reversible and/or remand‑able [sic]
error by abusing its discretion in overruling [O=Kane=s] Objections to Appellee=s summary judgment evidence and thereby denying [O=Kane=s] Motion to Strike and Granting Appellee=s Motion for Summary Judgment based
on incompetent summary judgment evidence when it is conspicuously apparent that
[O=Kane] was prejudiced thereby.

 








An appellate court applies an abuse-of-discretion standard
to review a trial court=s decision to admit or exclude summary
judgment proof.  See Harris v. Showcase Chevrolet, 231 S.W.3d 559, 561 (Tex. App.CDallas 2007, no pet.); Sanders v.
Shelton, 970 S.W.2d 721, 727 (Tex. App.CAustin 1998, pet. denied).  To obtain
reversal, O=Kane bears the burden of establishing that any error
in admitting the summary‑judgment evidence of which he complains was
reasonably calculated to, and probably did, cause rendition of an improper
judgment.  See Sanders, 970 S.W.2d at 727B28 (holding
appellant failed to meet burden).  O=Kane specifically
complains about admission of (1) segments of O=Kane=s own deposition
testimony, (2) TexDOT Motor Vehicle Board=s original
petition in its proceeding against O=Kane and Nicar,
and (3) Coleman=s affidavit.

O=Kane=s deposition.  O=Kane argues his
deposition testimony was inadmissible under Texas Rule of Civil Procedure
193.4(c), which provides, AA party may not useCat any hearing or
trialCmaterial or
information withheld from discovery under a claim of privilege, including a
claim sustained by the court, without timely amending or supplementing the
party=s response to that
discovery.@  Tex. R. Civ.
P. 193.4(c).  He also relies on the following provision: AA party need not
request a ruling on that party=s own objection or assertion of privilege
to preserve the objection or privilege.@  Tex. R. Civ. P. 193.4(b).  He then
reasons that answers to deposition questions to which he objected were
inadmissible.  Rule 193.4, however, on its face does not apply to appellees= use of O=Kane=s deposition
testimony because appellees never claimed a privilege in relation to that
testimony and there is no indication they withheld it from discovery.  The
trial court did not abuse its discretion in overruling his objection to this
summary judgment proof.








The TexDOT Motor Vehicle Board=s original
petition in In re License(s) of Pamela Dawn Nicar, and Jon O=Kane, general manager
jointly and severally, d/b/a/ Discount Wholesalers.  As he did in the
trial court, O=Kane lists five objections to this document:  (1) lack
of notarization and certification, (2) presence of excisions, (3) allegation
the petition had been dismissed,  (4) lack of TexDOT=s authority to
proceed against him, and (5) improper purpose on the part of appellees.  O=Kane represented
to the trial court and to this Court that the dismissal order was attached as
an exhibit to his objection, but the citation he provides is for the petition,
not the dismissal order, and the dismissal order is not part of the record
before this court.  O=Kane cites no law in support of exclusion
of this document other than Pretzer v. Motor Vehicle Board, in which the
court held that the Texas Motor Vehicle Board has no statutory authority to
sanction persons who neither hold, nor are required to hold, a
license from the Board, for engaging in conduct prohibited only to license
holders and applicants.  138 S.W.3d 908, 909 (Tex. 2004) (per curiam).  O=Kane waived error
in relation to this objection. See Tex.
R. App. P. 38.1(h) (requiring appellant=s brief to contain
clear and concise argument for contentions made, with appropriate citations to
authorities and record); Sterling v. Alexander, 99 S.W.3d 793, 799 (Tex.
App.CHouston [14th
Dist.] 2003, pet. denied).

Coleman=s affidavit.  As he did in the
trial court, O=Kane objects to the following portions of Jeff Coleman=s affidavit:

Enterprise executed its lease for the Leased
Premises on January 23, 2004.  Prior to that time, I was not aware of any
dispute or litigation between the owners of the Leased Premises and Jon O=Kane.

I have never had any knowledge about Jon O=Kane=s present or planned business dealings or
contractual relationships with third parties.

The owners of the Leased Premises never discussed or
mentioned that their intent was to unlawfully lease the Leased Premises to
Enterprise and thereby harm Jon O=Kane. I made no such agreement on behalf of Enterprise to
participate in such a plan.

By leasing the Leased Premises, Enterprise intended
to operate a rental car business, not invade Jon O=Kane=s privacy.

 

O=Kane correctly
contends Colman=s statements are those of an interested
witness.  A court may base summary judgment on testimonial evidence of an
interested witness only if the evidence is (1) uncontroverted, (2) clear,
positive and direct, (3) otherwise credible and free from contradictions and
inconsistencies, and (4) capable of being readily controverted.  See Tex. R. Civ. P. 166a(c).








Here, however, Coleman=s affidavit was
only one of ten exhibits supporting appellees= summary judgment
motion.  With the exception of the Theft Liability Act claim, appellees
challenged each of O=Kane=s claims by
arguing that the summary judgment proof conclusively disproved the necessary
element of causation.  Appellees did not rely in any way on Coleman=s affidavit to
disprove causation.  In response to O=Kane=s claim of
tortious interference with contract, appellees argued that the summary judgment
proof conclusively (1) negated the existence of a valid contract, (2) negated
causation of damages, and (3) established privilege in relation to any
interference.  In response to O=Kane=s claim of
tortious interference with prospective contracts, appellees argued that the
summary judgment proof conclusively disproved (1) a reasonable probability of
business relationships with third persons, and (2) commission of an independent
tort.  Appellees did not rely in any way on Coleman=s affidavit to
support these arguments.[6]

The trial court did not state the basis on which it granted
summary judgment in favor of appellees on each of O=Kane=s claims.[7] 
To the extent the trial court granted summary judgment based on a meritorious
ground that did not depend on Coleman=s affidavit, the
trial court=s denial of O=Kane=s objections to
Coleman=s affidavitCeven if an abuse
of discretionCwas not reasonably calculated to, and did not
probably, cause rendition of an improper judgment.  See Sanders, 970
S.W.2d at 727.

The trial court=s denial of O=Kane=s objections and
motion to strike appellees= summary judgment proof did not result in
reversible error.  We therefore overrule O=Kane=s third issue.

4.       Summary
Judgment on Tortious Interference with Contract








In issue four, O=Kane challenges
the summary judgment against him to the extent judgment was granted because
appellees conclusively disproved that they caused O=Kane=s damages in
relation to his theft and tortious-interference-with-contract claims.[8] 
In issues five through eight, O=Kane challenges summary judgment against
him on his tortious-interference-with-contract claim to the extent judgment was
granted on the grounds that appellees had conclusively disproved the elements
of existence of a valid contract (issues five and six), and (2) willful and
intentional interference (issue seven), and had conclusively proved their
affirmative defense of privilege (issue eight).[9] 
As discussed below, we hold that appellees conclusively proved their defense of
privilege.  Accordingly, we overrule O=Kane=s eighth issue and
need not address his remaining issues.








Summary judgment standards and standard of review.  A trial court
may render summary judgment only if the record shows an absence of a genuine
issue of material fact and the movant is entitled to judgment as a matter of
law. Tex. R. Civ. P. 166a(c).  A
defendant is entitled to summary judgment only if he (1) negates at least one
element of each of the plaintiff=s causes of
action, or (2) conclusively establishes each element of an affirmative defense
to each claim.  Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911
(Tex. 1997).  An element is conclusively proved if ordinary minds could not
differ as to the conclusion to be drawn from the evidence.  Triton Oil &
Gas Corp. v. Marine Contractors & Supply Inc., 644 S.W.2d 443, 446
(Tex. 1982).

In deciding whether a disputed issue of material fact
exists precluding summary judgment, we take as true evidence favorable to the
non‑movant.  Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548B49 (Tex. 1985). 
We must indulge every reasonable inference in favor of the non‑movant and
resolve any doubt in his favor.  Id. at 549.  A summary judgment must
stand or fall on the grounds expressly presented in the motion.  McConnell
v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 339B41 (Tex. 1993). 
When, as in this case, the trial court=s order does not
specify the grounds on which it granted the motion for summary judgment, we
will affirm the summary judgment if any of the theories advanced in the motion
is meritorious.   Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989). 
Thus, for O=Kane to obtain reversal of the summary judgment on his
tortious-interference-with-contract claim, he must show each independent ground
alleged in appellees= motion was insufficient to support the
judgment.  See Granada Biosciences, Inc. v. Barrett, 958 S.W.2d 215, 224
(Tex. App.CAmarillo 1997, pet. denied).








Summary judgment proof conclusively establishing appellees= defense of
privilege.  The elements of tortious interference with contract are (1) the
existence of a contract subject to interference;  (2) the occurrence of an act
of interference that was willful and intentional;  (3) the act was a proximate
cause of the claimant=s damage; and (4) actual damage or loss
occurred.  Baty v. Protech Ins. Agency, 63 S.W.3d 841, 856B57 (Tex. App.CHouston [14th
Dist.] 2001, pet. denied) (citing Powell Indus., Inc. v. Allen, 985
S.W.2d 455, 456 (Tex. 1998)).  Even if the plaintiff establishes all the
elements of a claim for tortious interference with a contract, the defendant
may avoid liability if it establishes the elements of the defense of
justification.  Id. at 857 (citing Prudential Ins. Co. of Am. v. Fin.
Review Servs., Inc., 29 S.W.3d 74, 77B78 (Tex. 2000)).  A[T]he
justification defense can be based on the exercise of either (1) one=s own legal rights
or (2) a good‑faith claim to a colorable legal right, even though that
claim ultimately proves to be mistaken.@  Fin. Review
Servs., 29 S.W.3d at 80.  If a trial court finds as a matter of law the
defendant had a legal right to interfere with a contract, the defendant has
conclusively established the justification defense, and the motive is
irrelevant.  Id.

The gravamen of O=Kane=s
toritious-interference-with-contract claim is that appellees usurped O=Kane=s Alegal business
premises to which he retained a legal valid contract@ (1) by wrongfully
and illegally obtaining the rights to O=Kane=s dealership
facility, which he had legally leased from the landlord, and (2) by causing O=Kane to be unable
to use his dealership facility and earn profits from its use.  Thus, appellees= act of which O=Kane complains is
their occupancy of the premises.

To support their defense of privilege, appellees attached
their sixty-month lease for the premises, dated January 23, 2004.  The lease
contained the following representation:   ALandlord is the
free owner of the Premises and has full right and lawful authority to execute
this Lease and perform the obligations of Landlord herein contained without the
consent or joinder of any other party. . . .@[10]  The lease further
provided, ALandlord agrees that, so long as Tenant is paying the
Rent and performing its other obligations under this Lease, Tenant will
peaceably and quietly have, hold and enjoy the Premises throughout the term.@  O=Kane does not
argue that the contract failed unambiguously to grant appellees the right to
occupy the property.  See Landry=s Seafood Rests.,
Inc. v. Waterfront Cafe, Inc., 49 S.W.3d 544, 549 (Tex. App.CAustin 2001, pet.
dism=d) (agreeing any
contractual right to interfere must exist as a matter of law pursuant to an
unambiguous contract).  Appellees= alleged
interference was therefore based on their own contractual right to occupy the
premises.








O=Kane, however, argues that appellees did
not act in good faith because they knew of O=Kane=s lease.[11] 
AThe issue of the
defendant=s good faith is pertinent only if the court determines
the defendant had a colorable right, but not a privilege, to engage in the
conduct claimed to have interfered with a contract.@  Fin. Review
Servs., 29 S.W.3d at 80.

We conclude that appellees= theory of
privilege merited summary judgment in their favor on O=Kane=s claim for
tortious interference with contract.  We therefore overrule O=Kane=s eighth issue. 
Given our disposition of this issue, we need not address O=Kane=s issues four
through seven.  See Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623,
625 (Tex. 1996).

Conclusion

Having concluded that appellees= summary judgment
motion was not sufficiently broad to cover O=Kane=s Texas Theft
Liability Act claim, we reverse the trial court=s summary judgment
in favor of appellees on that claim, sever that portion of the court=s judgment, and
remand the case to the trial court for further proceedings as to the Texas
Theft Liability Act claim. We affirm the remainder of the judgment.

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

Judgment rendered
and Memorandum Opinion filed July 1, 2008.

Panel consists of
Justices Fowler, Frost, and Seymore.









[1]  See Tex.
Occ. Code ' 2301.257(c) (AA
franchised dealer must apply for a separate license under this section for each
separate and distinct dealership as determined by the board. Before changing a
location, a dealer must obtain a new license for that location.@).





[2]  See Tex.
R. Civ. P. 166a(c) (AExcept on leave
of court, the adverse party, not later than seven days prior to the day of
hearing may file and serve opposing affidavits or other written response.@).  On May 4, 2006, O=Kane filed another ASecond Amended
Petition,@ identical to the one filed April 26, 2006.





[3]  O=Kane does not
present an issue under Malooly Bros., Inc. v. Napier, 461 S.W.2d 119,
121 (Tex. 1970).  He does not challenge the merits of the summary judgment
against him on any claims other than theft and tortious interference with
contract.





[4]  O=Kane also
averred Coleman had stolen the documents he needed.





[5]  O=Kane argues he
was entitled to a continuance because he met all the mandatory Aprongs@ and his
supporting affidavit was uncontroverted.  We disagree.  See Fritsch v. J. M.
English Truck Line, 151 Tex. 168, 246 S.W.2d 856, 858 (1952) (AThere is nothing in the rules on continuance requiring
the granting of a first motion merely because it is in statutory form and is
not controverted by affidavit of the opposite party.@).





[6]  Appellees did use Coleman=s affidavit to support the additional argument they
had no knowledge of O=Kane=s lease to
defeat the intent element of both tortious interference with contract and
tortious interference with prospective contracts.





[7]  When a trial court=s order granting summary judgment does not specify the ground or
grounds on which it relied for its ruling, we will affirm the summary judgment
on appeal if any of the theories advanced are meritorious.  Carr v. Brasher,
776 S.W.2d 567, 569 (Tex. 1989). 





[8]  As discussed above, in response to O=Kane=s first issue,
we have concluded that appellees=
summary judgment motion was not sufficiently broad to encompass the Texas Theft
Liability Act claim raised in O=Kane=s second amended petition.  We therefore reversed
judgment in favor of appellees on this claim and remanded it to the trial
court.  Because of our disposition O=Kane=s first issue, we need not address his fourth issue in
relation to the Theft Liability Act claim.





[9]  Although, on appeal, O=Kane refers generally to his Atortious
interference claim,@ he does not address appellees= summary judgment arguments or proof in relation to
his claim of tortious interference with future business  relationships.  The
elements of that claim are (1) a reasonable probability that the parties would
have entered into a contractual relationship; (2) an independently tortious or
unlawful act by the defendant that prevented the relationship from occurring;
(3) the defendant did such act with a conscious desire to prevent the
relationship from occurring or knew the interference was certain or
substantially certain to occur as a result of his conduct; and (4) the
plaintiff suffered actual harm or damage as a result of the defendant's
interference.  Le Meridien Hotels & Resorts v. LaSalle Hotel Operating P=ship, I, L.P.,
141 S.W.3d 870, 879 n.4 (Tex. App.CDallas
2004, no pet.). 

 

 





[10]  To support their argument that they conclusively
disproved the element of the existence of a valid contract, appellees attached
O=Kane=s lease, the
Task Force=s application for an arrest warrant, and O=Kane=s deposition,
which established, that by January 2004, O=Kane
had breached his lease by permitting the premises to remain vacant for a period
of thirty days without the landlord=s
prior written consent.





[11]  In his argument on privilege, O=Kane also asserts, without development or record
support, AThe Appellant=s
dealership was filled with tens of thousands of dollar [sic] in value of the
Appellant=s personal property to [sic] which the Appellee
burglarized and stole same.@